Retail Master Bakers Association of Western Pennsylvania, Appellant, *v.* Allegheny County.

Argued March 22, 1960. Before Jones, C. J., Musmanno, Jones, Cohen, Bok and Eagen, JJ.

William H. Markus, with him Elmer A. Barchfeld, and Robert C. Riethmuller, for appellants.

Joseph H. Ridge, Assistant County Solicitor, with him James Victor Voss, Assistant County Solicitor, and Maurice Louik, County Solicitor, for appellees.

Thomas V. Lefevre, Kenneth Souser, and Morgan, Lewis & Bockius, for Pennsylvania Bakers Association, under Rule 46.

Alan Miles Ruben, Deputy to the City Solicitor, with him Isadore Kranzel, Assistant City Solicitor, and David Berger, City Solicitor, for City of Philadelphia, amicus curiae.

Opinion by Mr. Justice Bok, May 23, 1960:
By its Act of May 22, 1933, P. L. 912; 43 PS §403 et seq., known as the Bakery Act, the Legislature conferred on the State Department of Agriculture the power to regulate and control bakeries.

By its Act of August 24, 1951, P. L. 1304, 16 PS §12001 et seq., known as the Local Health Administration Law, the Legislature gave to the counties of the State the power to regulate public health within their boundaries.

The Allegheny County Health Department was created in 1957 under the Act of 1951 and adopted rules and regulations controlling bakeries in that county.

Various bakers and Bakers' Associations, plaintiffs here, filed a complaint in equity to restrain the County and its appropriate officials, defendants, from enforcing the local rules and regulations, to declare them void, and the Allegheny County Health Department to be without authority or jurisdiction to act. Defendants filed preliminary objections to the complaint and these were sustained by the court below. Plaintiffs appealed.

They contend that the Act of 1933, which they admit is silent on the subject of local regulation, preempted the field and make the argument, which they undoubtedly made and lost in the Legislature, that crippling duplication and inconvenience would ensue from having regulation on both State and County levels.

This is not a case of a municipal ordinance impinging upon the province of a State system of control. Even when it does, the ordinance will not be stricken down unless it be clearly shown that the Legislature intended to pre-empt the field or unless the ordinance conflicts with the statute: *Kelly v. Philadelphia,* 382 Pa. 459 (1955), 115 A. 2d 238. Nor is it the case of the State entering a field already covered by Federal legislation. Here again the State Act may co-exist with the Act of Congress if the latter does not show an intent to pre-empt and if the State Act does not produce a result inconsistent with the Federal legisla-

tion: *Whitehall Laboratories v. Wilbar,* 397 Pa. 223 (1959), 154 A. 2d 596; *Commonwealth v. Nelson,* 377 Pa. 58 (1954), 104 A. 2d 133, affirmed 350 U. S. 497, 76 S. Ct. 477; *Hill v. Florida,* 325 U. S. 538 (1945), 65 S. Ct. 1373.

We have upheld the co-existence of municipal and State legislation in *Western Pennsylvania Restaurant Assn. v. Pittsburgh,* 366 Pa. 374 (1951), 77 A. 2d 616, and *Philadelphia v. Weber,* 394 Pa. 466 (1959), 147 A. 2d 326. In the *Pittsburgh* case we said that it was obvious ". . . even in the absence of express testimony to that effect, that the sanitary standards and appropriate regulations in the case of restaurants in a large city such as Pittsburgh might well be, and no doubt are, quite different from those applicable to rural communities, in view, among other conditions, of the usually larger number of patrons and the congestion of buildings with consequent special problems of their construction and ventilation."

In the *Philadelphia* case we held that local regulation of beauty shops did not conflict with the State Beauty Culture Act, and said: ". . . where the Act is silent as to monopolistic domination and a municipal ordinance provides for a localized procedure which furthers the salutary scope of the Act, the ordinance is welcomed as an ally, bringing reinforcements into the field of attainment of the statute's objectives."

In *Brazier v. Philadelphia,* 215 Pa. 297 (1906), 64 A. 508, we spoke of "necessary incompatibility" between statute and ordinance, where both required the licensing of automobiles.

The case is stronger where, as here, we deal with two statutes. We then have the rules concerning actual repeal or repeal by necessary implication, and, with special reference to the instant case, the applicable provisions of the Statutory Construction Act of

May 28, 1937, P. L. 1019, §63, 46 PS §563, such as: "Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail." See also *Walker's Appeal,* 332 Pa. 488 (1938), 2 A. 2d 770, and *Nyce v. Board of Commissioners,* 319 Pa. 353 (1935), 179 A. 584, for our decisional rule that statutes *in pari materia* should be considered concurrently and effect given to both whenever possible.

We see no such irreconcilability or manifest intention in the two Acts now before us. The Act of 1951 appears to be a comprehensive plan of health control, and if the people, through the Legislature, wish to guard the State's health on two levels together, we see no reason why it should not be so. *Nihil obstat.* We can think of many rather obvious affirmative reasons for such an exercise of the police power: difference in population density, in climate, and in economic pressure, for example. The situation is unlike that in *Girard Trust Co. v. Philadelphia,* 336 Pa. 433 (1939), 9 A. 2d 883, which involved a system for inspecting and regulating elevators and where we approved the idea that the functioning of elevators was the same in a large city as in a rural district. We think that the problems surrounding the consumption of food can vary markedly between a large city and a rural district.

The instant case is rather like *Kelly v. Philadelphia,* supra (382 Pa. 459), where in the field of zoning the State Act of 1925 and the First Class City Home Rule Act were accorded co-existence.

As for the possibility that Allegheny and Pike Counties may require a different wrapper on a loaf of bread, we regard such latent troubles as chimerical, but to the extent that they become real, they are of a kind peculiarly suited to redress by the Courts or the Legislature.

We see no reason to question or hamper the Legislature's finding and statement of purpose, expressed in Section 2 of the Act of 1951, that the State's duty to protect the health of its people can be met only when health services "are administered according to units of population sufficiently large to enable full time modern health services to be provided on the most economical basis by local communities working in partnership with the Commonwealth."

Appellants argue that the Act of 1933 provided full and complete coverage of bakery regulation and that it is therefore improper to add another coverage that will duplicate fees and inspections. This is a *non sequitur*. The Legislature has every right to call upon residents of the Counties to enforce regulations, whether State or local, instead of billeting State inspectors in the three principal cities, as at present. The two conceptions are distinct.

The order is affirmed at appellants' costs.