Gerda Widmyer, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs March 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and BARBIERI, sitting as a panel of three.

*Stephen J. Mirizio,* for appellant.

*William J. Madden, Cusick, Madden, Joyce and McKay,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 26, 1983:

Gerda Widmyer appeals, asking us to find an ordinance of the City of Sharon unconstitutional. We refuse to so hold and affirm the Mercer County Common Pleas Court.

Once again, this Court is called upon to address issues so obviously meritless and so patently ridiculous that our procedural and intellectual processes are strained to the breaking point.[1] At the risk of propelling this case to the stratosphere of further appellate review, we repeat that

> the outrageous imposition on the administration of justice . . . is the waste of the time of valuable manpower at all phases of the litigation and talent that must, of necessity, contribute to the delay of justice and its denial, to say nothing of the unjustified cost to the already overtaxed citizens. . . .

*Gannon v. Upper Merion Township,* 16 Pa. Commonwealth Ct. 630, 635, 330 A.2d 537, 540 (1974).

The facts are undisputed. At the bottom of this controversy is dog defecation which the petitioner's neighbors found offensive. They sought civil relief by

---

[1] Our workload is ample support for the proposition that Widmyer, as any litigant, is entitled to appeal to this Court, but we also recognize that counsel and courts must exercise good judgment in discouraging frivolous appeals.

invoking a local ordinance. A district justice found Widmyer in violation and fined her $50.00. She then sought relief in a Mercer County Common Pleas Court *de novo* hearing. Having failed there,[2] she now climbs the ladder of appellate review.

In *Boyle v. O'Bannon*, Pa. , A.2d (No. 81-3-442, filed March 31, 1983), we were admonished by our Supreme Court to be ever mindful of a litigant's right of access to the courts, regardless of the frivolity of the action, lest we find ourselves "on the threshold of judicial tyranny." Slip op. at 5. Despite the fact that Widmyer "has caused an inordinate consumption of the valuable time of an already overburdened judiciary, as well as the waste of precious tax dollars expended to provide a rational legal system, . . ." Dissenting Opinion by Justice Nix, slip op. at 5, we shall, as Justice Larsen instructed this Court, "avoid despotic governmental action," slip op. at 5, and address the merits of this patently absurd appeal.

Before us, Widmyer posits several arguments. First, the ordinance is unconstitutionally vague because it failed to adequately notify her that this persisting, obnoxious aroma could indeed be construed to be a violation of the ordinance.

> Any dog or cat which by *frequent* or *habitual* barking, howling, screeching, yelping or baying, or in any way or manner injures or disturbs the quiet of any person or the community, or which disturbs or endangers the comfort, repose or health of persons, is hereby declared to be committing a nuisance. (Emphasis in original.)

In determining whether an ordinance is unconstitutionally vague "[t]he test is whether the statute gives a person of ordinary intelligence a reasonable oppor-

---

[2] Widmyer failed to appear at the *de novo* hearing.

tunity to know what is prohibited so that he may act accordingly.'' *Fink v. Board of Education of the Warren County School District*, 65 Pa. Commonwealth Ct. 320, 327, 442 A.2d 837, 841 (1982). Clearly, in our judgment, a strong aroma which carried to her curbstone constitutes a disturbance or endangers the comfort, repose or health of persons in the neighborhood, and a person of ordinary intelligence would have regarded it as a violation of this ordinance.[3]

Affirmed.[4]

## ORDER

The order of the Mercer County Common Pleas Court, No. 7 Summary 1979 dated February 13, 1980, is affirmed.

---

[3] We also note that the repeated warnings and complaints that she received should have given her additional notice that she was disturbing the repose and comfort of her neighbors.

[4] Her other arguments, that she was advised to remove the nuisance by the end of April and was cited at noon on April 30th, rather than after midnight, violating her due process rights and, finally, that the common pleas court erred in permitting amendment to substitute the City of Sharon for the Commonwealth in the prosecution, are without merit and, notwithstanding our Supreme Court's admonishment against acting in the name of judicial economy, we decline to address them. *See* Pa. R.C.P. No. 1033.