**COMMONWEALTH of Pennsylvania**

v.

**Marvin E. EBAUGH, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 2001.

Decided Aug. 28, 2001.

Eugene R. Campbell, York, for appellant.

Donald B. Hoyt and Stacey R. MacNeal, York, for appellee.

Before DOYLE, President Judge, SMITH, Judge and FLAHERTY, Senior Judge.

DOYLE, President Judge.

Marvin Eugene Ebaugh appeals from an order of the Court of Common Pleas of York County, finding him guilty of seven violations of the Conewago Township nuisance ordinance for failure to control barking dogs.

Conewago Township enacted a nuisance ordinance in 1984 that provides, in pertinent part:

Section 1. Definitions and Interpretation: The following words as used in this Ordinance, shall have the meanings hereby respectively ascribed thereto:

A. Nuisance: any use of property or conduct, or activity or condition of property ... that shall cause or result in annoyance or discomfort beyond the boundaries of such property which disturbs a reasonable person of normal sensitivities .... the word 'nuisance' shall include ... the following:

. . . .

(iii) Owning, possessing, controlling, or harboring any animal or fowl which barks, bays, cries, squawks, or makes other such noise continuously and/or intermittently for an extended period which annoys or disturbs a reasonable person of normal sensitivities.

. . . .

(Ordinance 175, adopted December 17, 1984, Supplemental Reproduced Record (SRR) at 6b.) The ordinance provides for fines of not less than $10 nor more than $300, and, where a violator defaults in the payment of a fine or costs, imprisonment for not more than thirty days. (Section 4 of Ordinance 175.)

At all times relevant to the charges against Ebaugh, he owned a large number

of dogs of various breeds, which he maintained at his residence in Conewago Township. Ebaugh himself testified that he has had upwards of 13 dogs during the period in question. All of the dogs are kept outside and to the rear of Ebaugh's home.

Joseph Marchione owns the property adjacent to Ebaugh's, and was disturbed by the barking of Ebaugh's dogs. Marchione complained to Ebaugh about the barking dogs; however, the problem was not corrected and Marchione began to alert the police. As a result of Marchione's complaints, the police issued seven "non traffic citations" to Ebaugh for violation of the nuisance ordinance, based on barking that occurred on the following dates and times: (1) June 22, 1999 (11:30 to 11:45 p.m.); (2) June 24, 1999 (4:30 a.m.); (3) November 6, 1999 (7:30 a.m.); (4) November 7, 1999 (11:45 p.m.); (5) December 12, 1999 (4:29 a.m.); (6) December 29, 1999 (11:30 p.m.); and (7) January 5, 2000 (11:30 p.m.). The trial court explained events surrounding the above complaints as follows:

> In each case, Mr. Marchione has described similar circumstances, that the barking noises continued rather uninterrupted for a period approximating ten minutes. After expiration of that time period, he in each instance called 911 and requested a police officer to be dispatched. He says that a period of approximating twenty to thirty minutes would typically pass until the police arrived, and in that period of time, the dogs would continue to bark intermittently, which he has described as twenty to thirty seconds, and then abate for a number of minutes and then start again, and then upon the Police arrival, they would either witness or not some barking, go to the Defendant's house, and the barking would generally cease. He ... typically heard more than one dog

> barking, upwards of two or three on any given occasion.

(Common Pleas Court order, May 24, 2000, at 3–4.)

Ebaugh challenged the seven citations before a District Justice, and he was found guilty of every violation. He appealed the convictions to the Common Pleas Court, which consolidated the matters for hearing. The Common Pleas Court found Ebaugh guilty of all seven violations of the nuisance ordinance and imposed a fine for each violation ranging from $10 to $150. The Court reasoned:

> Defendant's actions 'annoyed a person of reasonable sensibilities' and ... his actions constituted a public nuisance, despite the fact that only one complaining neighbor testified. During the hearing ..., Joseph Marchione testified to being kept awake or awakened on the various dates of the offenses which ranged from June of 1999 through January of 2000. Further the hours of the violations ranged from 11:00 p.m. to early morning and mid a.m. hours. On each occasion the complaining neighbor, Mr. Marchione, advised and alerted the authorities who in most, if not all, instances verified the circumstances and offensive condition.

(Common Pleas Court opinion, September 7, 2000, at 4; SRR at 4b.) The Common Pleas Court also rejected Ebaugh's challenge to the constitutionality of the nuisance ordinance on the ground of vagueness. The court concluded that the issue was waived due to Ebaugh's failure to raise it before the District Justice, and further concluded that Ebaugh's argument was meritless in any event. This appeal followed.

On appeal, Ebaugh contends that the Common Pleas Court erred in (1) concluding that he waived his right to challenge the constitutionality of the nuisance ordi-

nance, (2) concluding that the ordinance was constitutional, and (3) finding him guilty of creating a public nuisance in violation of the ordinance.

With regard to Ebaugh's waiver issue, this Court held in *Commonwealth v. Waltz*, 749 A.2d 1058 (Pa.Cmwlth.2000), *petition for allowance of appeal denied*, 564 Pa. 716, 764 A.2d 1072 (2000), that a constitutional issue was not waived in summary criminal appeals for failure to raise it before a district justice. We stated:

> [T]he Court notes that appeals to courts of common pleas from convictions in summary proceedings are governed by Pa. R.Crim. P. 86, which provides in subpart (G)[1] that appeals from the summary proceedings shall be heard de novo by the court of common pleas. It has been held under the predecessor to Rule 86(G) that an issue not raised before a district justice was not waived and that even the failure to challenge a citation before a district justice did not preclude the court of common pleas from considering the issue in the de novo trial. *Commonwealth v. Patterson*, 27 Pa. D. & C.3d 349 (1983). See also *Commonwealth v. Toner*, 444 Pa.Super. 30, 663 A.2d 202 (1995), which holds that on appeal to the court of common pleas from a summary conviction pursuant to Rule 86(G), the court must conduct de novo review, even if the conviction resulted from a guilty plea. Therefore, the Court concludes that Waltz did not waive his constitutional challenge.

*Id.* at 1060.

Furthermore, this is not a zoning violation appeal governed by Section 616.1 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10617.1, where failure to appeal a violation notice to a zoning hearing board waives all issues, renders the violation notice unassailable, and prevents a district justice from reaching the merits of violation in an enforcement action. Our decision in *Township of Penn v. Seymour*, 708 A.2d 861 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 555 Pa. 749, 725 A.2d 1224 (1998), relied on by the Common Pleas Court, is, therefore, inapplicable here.[2]

■ Hence, following *Waltz*, we must conclude that Ebaugh did not waive his constitutional issue by failing to raise it before the district justice.

However, even though the issue was not waived, it is nonetheless without merit. Ebaugh asserts that the nuisance ordinance is unconstitutionally vague because it refers to the offensive conduct as disturbing a person of "reasonable sensitivities," and thus does not contain a standard for defining the prohibited conduct.

■ We begin our analysis by stating the basic legal principle that Ordinances are presumed to be constitutional, and a heavy burden is placed on the one seeking to challenge the constitutionality of an ordinance. *Commonwealth v. Fisher*, 23 Pa. Cmwlth. 25, 350 A.2d 428 (1976), *cert. denied*, 429 U.S. 1026, 97 S.Ct. 649, 50 L.Ed.2d 629 (1976). An ordinance is unconstitutionally vague only when it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited by the law. *Widmyer v.*

---

1. The subject matter of Pa. R.Crim. P. 86(G) is now found at Pa. R.Crim. P. 462.

2. Further, unlike zoning violation cases where the zoning hearing board resolves challenges to citations, the original record here contains copies of a document called "Summons for a Summary Case Non–Traffic," which provides that, if Ebaugh wished to challenge the nuisance ordinance citations, his remedy was to plead not guilty before a district justice.

*Commonwealth,* 73 Pa.Cmwlth. 581, 458 A.2d 1048 (1983).

█ In this case, we believe that the phrase "annoy or disturb a reasonable person of normal sensitivities" in the Township's ordinance is an objective standard that looks to the impact of noise upon a reasonable person under the particular circumstances of the incident. In our view, a person of ordinary intelligence would understand what conduct violates this provision and, accordingly, the ordinance is constitutional. *See City of Philadelphia v. Cohen,* 84 Pa.Cmwlth. 200, 479 A.2d 32 (1984) (ordinance that defined noise as causing adverse psychological or physiological effects in persons was not unconstitutionally vague). *See also Commonwealth v. Solon,* 13 D. & C.3d 85 (1979) (ordinance that penalizes an owner of an animal that makes a noise that disturbs a reasonable person of normal sensitivities is not unconstitutionally vague); and *Commonwealth v. Cromartie,* 65 D. & C.2d 541 (1973) (disturbing the peace ordinance proscribing "any noise or disturbance ... whereby the public peace and tranquility is disturbed" implies that a noise must be sufficient to disturb a reasonable person and, for that reason, is not unconstitutionally vague).

█ Last, Ebaugh asserts that this case merely involves a private nuisance, not a public nuisance, and that his neighbor's remedy was to file an injunction petition to abate the nuisance. We disagree. A public nuisance is an unreasonable interference with a right common to the general public; circumstances that constitute a public nuisance are, among other things, conduct that is proscribed by statute or ordinance, or conduct that interferes with public peace. *Muehlieb v. City of Philadelphia,* 133 Pa.Cmwlth. 133, 574 A.2d 1208 (1990). Here, owning, possessing or controlling a noisy animal is classified as a nuisance by the Township's ordinance, and excessive barking obviously interferes with the public peace. Therefore, the conduct here involves a public nuisance, and Ebaugh was properly sanctioned by the Common Pleas Court.

The judgment of the Common Pleas Court is affirmed.

### *ORDER*

NOW, August 28, 2001, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby affirmed.

FLAHERTY, Senior Judge, Dissenting.

I respectfully dissent to the Majority's analysis and outcome concerning the vagueness of the Township's nuisance ordinance. The basis for my disagreement is twofold. First, I believe that *City of Philadelphia v. Cohen,* 84 Pa.Cmwlth. 200, 479 A.2d 32 (1984), which is relied upon by the Majority, is based on facts that render it inapplicable to the matter before us. Second, the ordinance should be evaluated in light of the legal standard set forth in *Coates v. City of Cincinnati,* 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).

At issue with *Cohen* was whether a Philadelphia City ordinance prohibiting amplified sounds from commercial and industrial establishments above a specified decibel level was unconstitutionally vague and overbroad. The appellee, Cohen, owned and operated a retail stereo-electronics shop in the city and was cited on five separate occasions for violating the ordinance. *Cohen,* 479 A.2d at 34. We explicitly stated in *Cohen* that "when, as here, business enterprises are regulated, vagueness standards are relaxed." *Id.* at 36 citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)

("Thus, economic regulation is subject to a less strict vagueness test because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action."). The *Cohen* holding about "amplified speech" and a business has dubious precedential value in the matter *sub judice* which involves a private residence and barking dogs.

Moreover, this Court concluded in *Cohen* that the phrase, "adverse psychological and physiological effects" and words, "decibel", "background level" and "beyond the property boundary" were not unconstitutionally vague because there was either "a normative standard sufficient to guide prospective conduct" or the term could be measured objectively. *Id.* at 36–37. The Township's noise ordinance before us fails to provide a normative standard to determine whether a citizen's conduct would *annoy* a reasonable person of normal sensitivities. The decibel standard is scientifically as measurable as temperature is measured by the thermometer. The "annoyance" of a reasonable person is completely subjective and is not capable of measurement by any standard except the idiosyncrasies of the individuals exposed to it.

The United States Supreme Court has identified several important values that vague laws offend:

*First,* because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. *Second,* if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who

apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

*Grayned v. City of Rockford,* 408 U.S. 104, 108–109, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) (emphasis added); *see also Smith v. Goguen,* 415 U.S. 566, 574, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974) ("[P]erhaps the most meaningful aspect of the vagueness doctrine is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement.").

In *Coates,* the Supreme Court considered the constitutionality of a city ordinance that prohibited three or more persons to assemble on any of the city sidewalks and "conduct themselves in a manner *annoying* to persons passing by, or occupants of adjacent buildings." *Coates,* 402 U.S. at 611–12, 91 S.Ct. 1686 (emphasis added). The Court held:

Conduct that annoys some people does not annoy others. Thus, the ordinance is vague, not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. As a result, 'men of common intelligence must necessarily guess at its meaning.' *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

*Id.* at 614, 91 S.Ct. 1686.

Our analysis cannot end at this point with the proclamation that use of "annoy" in a nuisance ordinance is *per se* unconstitutionally vague. The trial court applied the Township's ordinance in the following manner to determine whether Mr. Ebaugh

annoyed a reasonable person of normal sensitivities:

> We consider the time and circumstances when these alleged offenses occurred to be critical to our determinations. In each event, the times were shortly before midnight to 3 or 4 in the morning to 7 A.M. The Complainant said this is during his normal sleep hours.

> We consider the necessity to be able to sleep properly to be a normal requisite to health and life's enjoyment.

Trial Court Opinion at 5. The trial court judge substituted his concept of annoyance when rendering his decision. This was exactly the impermissible delegation of policy that the Supreme Court rejected in *Coates*. I have reviewed the Township's noise ordinance and there is no indication that barking dogs are considered an annoyance when they do so during the evening or early morning and a neighbor is asleep. *See* Supp. R.R. at 6b–7b. Would dogs barking in the afternoon or when a neighbor is awake not be an annoyance? I am not convinced that a reasonable person would know this by reading the ordinance. Finally, the four vignettes provided in the ordinance are fatally flawed in their attempt to provide a normative standard to citizens because these examples are conditioned by the phrase, "the word nuisance shall include but shall not be limited to the following".

I do, therefore, conclude that the Township's noise ordinance is unconstitutionally vague.

I respectfully dissent.