COMMONWEALTH of Pennsylvania

v.

Charles E. BRANDON, Appellant.

No. 524 C.D. 2004.

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 2005.

Decided April 12, 2005.

Michael K. English, Butler, for appellant.

Thomas L. Smith, Zelienople, for appellee.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY President Judge COLINS.

Charles E. Brandon (Appellant) appeals from the order of the Court of Common Pleas of Butler County (trial court) dated December 12, 2003 that denied Appellant's Motion to Dismiss his Summary Conviction for violation of Lancaster Township Ordinance No. 50, entitled "An Ordinance of Lancaster Township (Township) Prohibiting the Use of Spot Lamps in Said Township and Providing Penalties for Violations Thereof." (Ordinance). We affirm.

The pertinent factual findings are as follows. On December 15, 2002, Appellant was stopped by Officer Michael Cornell of the Lancaster Township Police Department and cited for one count of violating the Ordinance which prohibits individuals from projecting "a powerful, concentrated beam of light" across another person's land. Appellant was found guilty of the violation on January 15, 2003 before the Honorable C.J. Woessner, and was ordered to pay fines and costs. Appellant appealed the conviction and filed a Motion to Dismiss the Summary Conviction on August 5, 2003. The motion was denied by the Honorable Marilyn J. Horan on December 12, 2003 and Appellant subsequently appealed to this Court.

A stipulation of facts states in pertinent part, "Defendant Charles E. Brandon, while traveling in his motor vehicle was spotlighting deer. The act of spotlighting deer on the above referenced date and time does and will constitute a violation of Ordinance No. 50, Lancaster Township, provided the legality and legitimacy of said ordinance."

Appellant raises two issues. First, whether the trial court committed an error of law in ruling that the Ordinance was not preempted by Pennsylvania's Game and Wildlife Code, 34 Pa.C.S. §§ 101–2965. Second, whether the trial court committed an error of law in ruling that the Ordinance was not unconstitutionally vague or unconstitutionally overbroad. We address the issues accordingly.[1]

The Township had the power to enact the Ordinance as a reasonable exercise of its police powers. As to when a local government is preempted from legislating in an area, our Supreme Court stated in *Council of Middletown Township v. Benham*, 514 Pa. 176, 181, 523 A.2d 311, 313 (1987):

> The state is not presumed to have preempted a field merely by legislating in it. The General Assembly must clearly show its intent to preempt a field in which it has legislated. *Retail Master Bakers Association v. Allegheny County*, 400 Pa. 1, 161 A.2d 36 (1960). *United Tavern Owners v. Philadelphia School District*, 441 Pa. 274, 272 A.2d 868 (1971) (Opinion Announcing the Judgment of the Court). The test for preemption in this Commonwealth is well established. Either the statute must state on its face that local legislation is forbidden, or "indicate[ ] an intention on the part of the legislature that it

---

1. Our scope of review of a trial court's determination on appeal from a summary conviction is limited to determining whether there has been an error of law or whether the findings of the trial court are supported by competent evidence. *Commonwealth v. A.D.B.*, 752 A.2d 438 (Pa.Cmwlth.2000)

should not be supplemented by municipal bodies." *Western Pennsylvania Restaurant Association v. Pittsburgh*, 366 Pa. 374, 381, 77 A.2d 616, 620 (1951). *Harris–Walsh, Inc. v. Dickson City Borough*, 420 Pa. 259, 216 A.2d 329 (1966). If the General Assembly has preempted a field, the state has retained all regulatory and legislative power for itself and no local legislation is permitted. *Western Pennsylvania Restaurant Association, supra*.

■ Appellant argues that the Ordinance is preempted by the Game and Wildlife Code. Appellant states that a close examination of the Game and Wildlife Code indicates that the Legislature intended that the Game and Wildlife Code should not be limited by municipalities and that the field of hunting is clearly preempted. However, Ordinance No. 50 makes no mention of hunting and quite simply states in pertinent part that "it shall be unlawful for a person to utilize a spot lamp across the property of another within the Township. It shall be unlawful for a person having the duty of controlling the conduct of another to knowingly permit such other person to violate the provisions of this Section." Thus, it appears that even though the field of hunting may be preempted by the Game and Wildlife Code as this Court held in *Duff. v. Township of Northampton*, 110 Pa.Cmwlth. 277, 532 A.2d 500, 507 (1987), *affirmed*, 520 Pa. 79, 550 A.2d 1319 (1988), the Ordinance would not be affected. The Ordinance is not an attempt to regulate hunting activities, but rather to regulate the general use of high-powered, fixed, and portable spotlights in the Township.

■ Appellant argues that 34 Pa.C.S. § 2311, entitled "Restrictions on recreational spotlighting," and 34 Pa.C.S. § 2310, entitled "Unlawful use of lights while hunting," has established a compre-

hensive legislative scheme outlining the rules and regulations for the use of spotlights in the Commonwealth. However, to find an affirmative answer on preemption, it is not enough that the legislature has legislated upon the subject. As stated in *Duff*:

> The ultimate question is whether, upon a survey of all the interests involved in the subject, it can be said with confidence that the legislature intended to immobilize the municipalities from dealing with local aspects otherwise within their power to act.

The problem thus becomes one of determining the intent of the legislature in enacting the Game Law ... it is nevertheless self-evident that a municipal ordinance cannot be sustained to the extent that it is contradictory or inconsistent with the state statute. In other words, it cannot permit what a state statute or regulation forbids or prohibit what the state enactments allow.

Pertinent questions in determining the preemption issue are: (1) Does the ordinance conflict with the state law, either because of conflicting policies or operational effect, that is, does the ordinance forbid what the legislature has permitted? (2) Was the state law intended expressly or impliedly to be exclusive in the field? (3) Does the subject matter reflect a need for uniformity? (4) Is the state scheme so pervasive or comprehensive that it precludes coexistence of municipal regulation? (5) Does the ordinance stand as an obstacle to the accomplishment and execution of the full purposes and objectives of the legislature?

532 A.2d at 504–505

Based on the facts and our review of the law, we conclude that each of the above questions is answered in the negative. While the Game and Wildlife Code does

preempt the field of hunting, it does not preempt the field of spotlighting. The famous adage "A man's home is his castle" is applicable in this instance. A bright beaming ray of light illuminating one's house or property could very well be considered an invasion of privacy, and this Ordinance prohibits this conduct appropriately and within the local municipality's police power.

■ Second, Appellant argues that the Ordinance is unconstitutionally vague and overbroad. "Ordinances are presumed to be constitutional, and a heavy burden is placed on the one seeking to challenge the constitutionality of an ordinance." *Commonwealth v. Ebaugh,* 783 A.2d 846, 849 (Pa.Cmwlth.2001). "An ordinance is unconstitutionally vague if it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited by law." *Commonwealth v. Asamoah,* 809 A.2d 943, 946 (Pa.Super.2002). Appellant argues that the definition of spotlamps as defined in the ordinance undermines the ability of the public to understand what conduct is prohibited and encourages arbitrary and discriminatory enforcement. Spotlamp is defined in the ordinance as "an illuminating device, either fixed or moveable intended to project a powerful concentrated beam of light." Appellant argues that this could mean flashlights, headlights, candles, and a number of other things. This Court believes that a person of reasonable intelligence understands the difference between a flashlight, candle, or other household illuminating devices and a spotlamp. As such the Ordinance provides the public with the requisite degree of specificity as to the precise nature of the prohibited conduct and provides adequate guidance for law enforcement personnel so that enforcement is not arbitrary and discriminatory.

■ Appellant further argues that Section 2 of the Ordinance, which deems it shall be unlawful for a person to utilize the spot lamp across property of another within the township, is overly broad because it provides no legal use for spotlights, spotlamps, headlights, or illuminating devices of any type. "A Statute is 'overbroad' if by its reach it punishes constitutionally protected activity as well as illegal activity." *Commonwealth v. Barud,* 545 Pa. 297, 305, 681 A.2d 162, 165 (1996). This is not the case here. The Township points out that the provision would permit a landowner to use a spotlight on his own property and thus he can permit another person to legally use a spotlight on his own property. While this Court notes that the Ordinance does not draw a distinction between conduct that has been authorized by the landowner and that which has not, this Court agrees with the trial court that limiting the applicability of the Ordinance to situations wherein the conduct has not been authorized is a reasonable interpretation. The Ordinance provides the public with the requisite degree of specificity as to the precise nature of the prohibited conduct, provides sufficient enforcement guidance to law enforcement personnel, and provides the judiciary with sufficient guidance to determine the limits of the sanctioned conduct.

Therefore, we affirm the decision of the trial court that the Ordinance is not preempted by the Game and Wildlife Code and is not unconstitutionally overbroad or vague.

### ORDER

AND NOW, this 12th day of April 2005, the order of the Court of Common Pleas of Butler County is AFFIRMED.