## Boron v. Pulaski Township Board of Supervisors

*Joseph T. Moran, Ryan James* and *Charles S. Hersh,* for plaintiffs.

*Richard A. Harper,* for defendant Pulaski Township.

*Bernard P. Matthews Jr.,* for defendant Chief of Police of Northwest Lawrence County Regional Police Department.

MOTTO, *P.J.,* July 10, 2007—The appellants, Eric Boron and Adultland XXX, have filed an appeal from the adjudication of the Pulaski Township Board of Su-

pervisors which issued a one-year revocation of the license of appellants to operate a sexually oriented business because of a violation of a Pulaski Township ordinance. Presently before the court for disposition is the appellants' notice of appeal seeking to reverse and vacate the decision of the Pulaski Township Board of Supervisors revocation of Adultland's business license for one year on the grounds that the township's ordinance is unconstitutionally vague. For the reasons set forth below, the appellants appeal must be dismissed.

The facts of this case indicate that Adultland XXX is a sexually orientated business owned and operated by Eric Boron and located in Pulaski Township. The chief of police of the Northwest Lawrence County Regional Police Department issued a notice of license revocation to Adultland alleging that Adultland was open for business on Flag Day, June 14, 2006, in violation of Pulaski Township ordinance no. 2000-5-22. The ordinance licenses and regulates sexually oriented businesses in Pulaski Township. Eric Boron and Adultland filed a timely appeal from the notice of revocation and requested a local agency hearing before the Pulaski Township Board of Supervisors. The public hearing was scheduled by mutual agreement of the parties for September 6, 2006 and conducted on that same date.

At the hearing before the board, the parties entered into a stipulation and summary of evidence. Appellants were able to summarize the evidence that they wished to present to the board of supervisors, and the township was able to present separate summarized evidence upon which it relied in support of the violation. Appellants raised numerous grounds as to why the notice of revocation was improper, including, but not limited to, the

fact that Flag Day is not a generally recognized holiday and that the ordinance is unconstitutionally vague. At the hearing, the township board stipulated to the fact that "Eric Boron and Adultland XXX were not aware that the Commonwealth of Pennsylvania recognized Flag Day as a state holiday . . . ." (See Township board findings of fact, conclusions of law and written decision, dated September 11, 2006.) The adjudication issued by the board affirmed the revocation of the sexually oriented business license of appellants for a one-year period.

On October 11, 2006, appellants filed a notice of appeal pursuant to 42 Pa.C.S. §933(a)(2), Pennsylvania Local Agency Law 2 Pa.C.S. §101 et seq., and Local Rule L300, seeking to reverse and vacate the decision. The appellants argued before this court that the one-year license revocation violated a prior enforcement agreement entered into between appellants and Pulaski Township as the result of a prior violation of the township ordinance that occurred when appellants operated the business on Columbus Day, October 10, 2005. Appellants argued that the Columbus Day violation resulted in a settlement agreement that prohibits the board from giving consideration to that prior violation in determining that appellants' license should be revoked for a period of one year for the Flag Day violation as a second offense, the Columbus Day violation being the first. The prior agreement relating to the Columbus Day violation was not entered into evidence at the proceeding before the board. The appellants included in their appeal a motion to present additional evidence, seeking to add to the record the prior settlement agreement. This court denied that motion by order dated May 4, 2007.

The sole issue to be decided by this court is whether section 18 of Pulaski Township's Sexually Orientated Business Ordinance no. 2000-5-22 is unconstitutionally vague.

In addressing constitutional violations with respect to a local agency decision, this court's standard of review is de novo. *Piatek v. Pulaski Township,* 828 A.2d 1164, 1170 (Pa. Commw. 2003), *appeal denied,* 579 Pa. 706, 857 A.2d 681 (2004). Constitutional challenges may be raised for the first time on appeal to a court of common pleas from a local agency decision. *Newcomer v. Civil Service Commission of Fairchance Borough,* 100 Pa. Commw. 559, 563, 515 A.2d 108, 110 (1986).

An ordinance is unconstitutionally vague if it fails to provide reasonable notice of the conduct prohibited by law. *Commonwealth v. Asamoah,* 809 A.2d 943, 946 (Pa. Super. 2002); *Commonwealth v. Gonzalez,* 403 Pa. Super. 157, 165, 588 A.2d 528, 532 (1991); *Piatek,* 828 A.2d at 1178. An ordinance violates vagueness requirements concerning the adequacy of notice of prohibited conduct when its terms are so indefinite that men of reasonable intelligence are left to guess at its meaning and differ as to its application. *Gonzalez,* 403 Pa. Super. at 165, 588 A.2d at 532; *City of Philadelphia v. Cohen,* 84 Pa. Commw. 200, 205, 479 A.2d 32, 36 (1984); *Piatek,* 828 A.2d at 1178. The danger of a vague law is that it impermissibly delegates basic policy matters to, among others, policemen and juries for the resolution on an ad hoc and subjective basis, with the attendant risks of arbitrary and discriminatory application. *Commonwealth v. Cotto,* 561 Pa. 32, 37-38, 753 A.2d 217, 220 (2000). However, the constitutional prohibition against vagueness does not invalidate every statute which could have been drafted

with greater precision. Due process requires only that the law give sufficient warning so that individuals may conform their conduct so as to avoid that which the law forbids. *Rose v. Locke,* 423 U.S. 48, 96 S.Ct. 243 (1975); *Wainwright v. Stone,* 414 U.S. 21, 94 S.Ct. 190 (1973).

In the case sub judice, the revocation of appellants' license is based upon a violation of section 18 of the ordinance, which states that "a sexually orientated business shall be closed at all times on Sundays and legal federal or state recognized holidays." (Pulaski Township Ordinance section 18.) Appellants argue that neither section 18 (entitled "Hours of Operation"), nor the definitions section (section 2) of the ordinance, set forth a definition of state recognized holidays, leaving any reasonable person unable to determine which days are encompassed by section 18. As such, the appellants argue that the ordinance is impermissibly and unconstitutionally vague in that it: (1) does not specify the actual days or specific holidays it alleges are state recognized holidays; and (2) does not specify even where or how to identify such holidays.

Title 44 of Purdon's Pennsylvania Statues is entitled "Legal Holidays—Observances." 44 P.S. §11 is subtitled, in part, "Holidays Designated," and designates the fourteenth day of June, known as Flag Day as a designated, legally recognized holiday in the state of Pennsylvania. 44 P.S. §11. Accordingly, this court finds that Flag Day is a recognized holiday in the state of Pennsylvania.

The Pulaski Township ordinance states that "a sexually orientated business shall be closed at all times on Sundays and legal or state-recognized holidays." 44 P.S. §11 defines the designated holidays in the state of Pennsylvania. Therefore, this court finds that the ordinance is

not unconstitutionally vague because state-recognized holidays are specifically defined by statue. The ordinance provides adequate notice of the prohibited conduct in that reasonable minds are not left to guess at its meaning. Accordingly, the appellants were given reasonable and adequate notice of the holidays recognized in the Commonwealth of Pennsylvania.

In the evidence submitted to the board of supervisors, Adultland admitted to being open for business and conducting business on Flag Day, June 14, 2006. Proof of intent is not required to show a violation of section 18 of the ordinance. Rather, a violation is proven by presenting substantial evidence that Adultland was open for business and conducting business on Flag Day. Adultland's only defense was that it was not aware that Flag Day is a recognized holiday in the state of Pennsylvania. The board of supervisors rejected that defense and sustained the revocation of Adultland's license for one year.

For the reasons set forth in this opinion, this court finds that the section 18 of the ordinance is not unconstitutionally vague and that there is substantial evidence to sustain the board's decision to revoke appellant's license. Therefore, appellant's appeal of the decision of the Pulaski Township Board of Supervisors shall be denied.

## ORDER

And now, July 10, 2007, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that the appeal from the decision and adjudication of the Pulaski Township Board of Supervisors dated September 11, 2006, of Eric Boron

16

and Adultland XXX, is denied and the aforesaid adjudication which issued a one-year revocation of the license of appellants to operate a sexually oriented business is affirmed.