# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1376 C.D. 2021 |
| | : | SUBMITTED: April 6, 2023 |
| Daniel P. Flickinger, | : | |
| Appellant | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED:  June 26, 2023**

Daniel P. Flickinger appeals *pro se* from an order of the Court of Common Pleas of Greene County finding Flickinger guilty of two summary violations of an ordinance that limits the height of certain vegetation. Upon review, we affirm.

The relevant facts are as follows. Flickinger resides in the state of West Virginia but owns two parcels of land located in Greensboro Borough, Greene County, Pennsylvania. In August 2017, the Borough issued two non-traffic, summary citations against Flickinger – one for each property – for violating Greensboro Borough Ordinance Number 2015-6, Grass and Other Vegetation (Ordinance). Section 1 of the Ordinance is titled "Prohibited Height of Plants" and provides:

> No person, firm, corporation or contractor owning or
> occupying any property within the Borough[], shall permit
> any grass or weeds or any vegetation whatsoever, not

edible or not planted for some useful or ornamental purpose, to grow or remain upon such premises so as to exceed a height of eight (8) inches, or to throw off any unpleasant or noxious odor or, to conceal any filthy deposit. Any grass, weeds, or other vegetation growing upon any premises in the Borough in violation of any of the provisions of this section is hereby declared to be a nuisance and detrimental to the health, safety, cleanliness and comfort of the inhabitants of the [B]orough.

(Ordinance § 1 (Jan. 12, 2015); Original Record "O.R." Item No. 34, Ex. B.)

Flickinger pleaded not guilty, and a trial was then held before a magisterial district judge (MDJ) at which Flickinger appeared *pro se*. The MDJ subsequently found Flickinger guilty and ordered him to pay fines and costs.

Flickinger timely appealed to the trial court which held a non-jury, *de novo* trial at which Flickinger again appeared *pro se*. The Commonwealth presented the testimony of Mark Gordon, the Borough's Code and Zoning Enforcement Officer, and Bruce Neino, an individual who owns property adjacent to Flickinger's. Both witnesses testified that in 2017 and just prior to the hearing, the vegetation on Flickinger's properties was knee-high in some places and even taller in others, reaching into the trees. Neino also stated that the vegetation on Flickinger's property had encroached onto his lot, causing issues.

Flickinger cross-examined both of the Commonwealth's witnesses and testified briefly on his own behalf. He stated that the vegetation was present when he purchased the properties and that he tried several times to cut it back but did not dispute the height of the vegetation or claim that it was planted for "some useful or ornamental purpose[.]" (Ordinance § 1.) Instead, he advanced legal arguments, in particular that the Ordinance is unconstitutionally vague because the term "vegetation" encompasses all plants and the term "weeds" is subjective.

2

The trial court issued an order at the conclusion of the hearing finding Flickinger guilty on both counts and ordering him to pay fines and costs. This appeal followed.[1]

Flickinger's filings throughout this matter, including his concise statement of errors complained of on appeal and his briefs to this Court, are difficult to decipher. From what we can discern, he raises the following arguments on appeal:[2] the Ordinance is unconstitutionally vague and ambiguous because it does not put property owners on notice of what is prohibited; the Commonwealth did not meet its burden of proving that he violated the Ordinance; the trial court committed multiple procedural and administrative errors which created an undue burden on him as a *pro se* party; and the Commonwealth misrepresented or failed to disclose facts and information pertinent to his defense.

We begin with the constitutional argument. Flickinger maintains that Section 1 of the Ordinance is unconstitutionally vague and ambiguous because the terminology used is undefined and does not put individuals on notice of what exactly is prohibited. In particular, he objects to the use of the term "vegetation" because that encompasses all plants, and to the term "weeds" because he believes that is subjective. We disagree.

---

[1] Flickinger's appeal was initially docketed in the Superior Court. Because the matter involves a local ordinance, the Superior Court transferred the matter to this Court for review. *See* 42 Pa.C.S. § 762(a)(4)(i)(B).

[2] Flickinger's appellate briefs consist, in his own words, of a "laundry list of errors and omissions" by the trial court, presented in bullet point fashion. (Flickinger's Initial Br. at 9.) There is little in the way of cogent legal argument and no supporting case law. Thus, to the extent Flickinger wished to raise any additional issues beyond those identified above, we find they have been waived. *See* Pa.R.A.P. 2116(a) & 2119(a); *Wirth v. Commonwealth*, 95 A.3d 822 (Pa. 2014) (finding party's failure to comply with rules or develop issues constitutes waiver).

3

It is well established that "[o]rdinances are presumed to be constitutional and a heavy burden is placed on the one seeking to challenge the constitutionality of an ordinance." *Commonwealth v. Ebaugh*, 783 A.2d 846, 849 (Pa. Cmwlth. 2001) (citation omitted). Moreover, "[a]n ordinance is unconstitutionally vague only when it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited by the law." *Id.*

This Court has repeatedly upheld similar vegetation ordinances when the undefined, challenged words could be interpreted according to their common meaning and the ordinance specified a maximum height for vegetation. *See Commonwealth v. Siemel*, 686 A.2d 899, 901-02 (Pa. Cmwlth. 1996) (finding excessive vegetation ordinance was not unconstitutionally vague, despite the fact that the terms "useful and ornamental" and "planted" were not specifically defined, because they may be interpreted according to their common meaning and the ordinance set a definite height limitation);[3] *Sobocinski v. City of Williamsport*, 319 A.2d 697 (Pa. Cmwlth. 1974) (same finding where subject ordinance did not define the words grass or weeds). In fact, in a recent unreported opinion, *Commonwealth v. Jannini* (Pa. Cmwlth., No. 566 C.D. 2018, filed August 13, 2019),[4] this Court addressed a similar argument pertaining to the exact same Ordinance at issue herein. The landowner in *Jannini* argued, among other things, that Section 1 of the Ordinance was unconstitutionally vague because it does not define the terms "useful" or "ornamental" and a reasonable person would not be put on notice of what

---

[3] While not directly raised by Flickinger, it bears noting that "[i]t has uniformly been held that an ordinance which declares as a nuisance and requires the abatement of weeds above a height certain is a reasonable exercise of the police power." *Siemel*, 686 A.2d at 901 [quoting *Sobocinski v. City of Williamsport*, 319 A.2d 697, 700 (Pa. Cmwlth. 1974)].

[4] While not binding, unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value. *See* Pa.R.A.P. 126(b)(1); 210 Pa. Code § 69.414(a).

4

conduct was prohibited. The Court in *Jannini* rejected this argument, holding that these terms could "be defined by their plain meaning and need not be specifically defined in the Ordinance in order to put citizens on notice of what is expected." *Id.*, slip op. at 9. The same reasoning holds true in the instant matter with respect to the terms "vegetation" and "weeds." Given the plain meaning of these words and the fact that a definite height limitation is provided, we conclude that Section 1 of the Ordinance is not unconstitutionally vague or ambiguous.

The next issue Flickinger raises is whether there was sufficient evidence to support his conviction. "In summary offense cases, the Commonwealth is required to establish that one's guilt is beyond a reasonable doubt." *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1258 (Pa. Cmwlth. 2002). This Court views "all of the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth" as the prevailing party. *Id.* In evaluating the sufficiency of the evidence, the test is whether "the trial court, as trier of fact, could have found that each element of the offense[] charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Id.*

Here, the testimony of the Commonwealth's witnesses and the documentary evidence, including photographs of both properties, demonstrate each of the necessary elements of Section 1 of the Ordinance. Namely, that Flickinger "(1) grows or allows to remain upon his land grass, weeds, or any vegetation (2) that [] is not edible, useful, or ornamental and (3) exceeds a height of eight inches." *Jannini*, slip op. at 12 (citing Ordinance § 1). Flickinger's argument that the offending vegetation existed at the time he purchased the properties and that they are somehow grandfathered or exempted as "wooded lots" is inapposite. As such,

5

we hold that sufficient evidence existed to find Flickinger guilty of violating Section 1 of the Ordinance and the trial court did not abuse its discretion or commit an error of law in this regard.

Next, our review of the record reveals no merit in Flickinger's argument that the trial court placed an undue burden on him as a *pro se* party by committing various procedural and administrative errors. To the contrary, the trial court exercised great patience in the matter, granting multiple requests to continue the hearing to afford Flickinger additional time to prepare his defense, request documents through the Right-to-Know Law (RTKL),[5] and travel to the Commonwealth. (*See* O.R. Item Nos. 5, 7, 8, 10, 17, 24 & 30.) Despite Flickinger's argument to the contrary, the trial court did *not* place a time limit on the presentation of his case during the hearing, and in fact "was prepared to schedule more time," if needed. (O.R. Item No. 48.) Flickinger was provided an opportunity to testify and present documentary evidence on his own behalf, as well as the chance to cross-examine the Commonwealth's witnesses. As this Court has often reminded litigants, "a party seeking to represent himself assumes the risk that his lack of legal knowledge might prove to be his undoing." *Commonwealth v. Geatti*, 35 A.3d 798, 800 (Pa. Cmwlth. 2011) [citing *Hinds v. Dep't of Transp., Bureau of Motor Vehicles*, 740 A.2d 1217 (Pa. Cmwlth. 1999)]. Given these facts, we reject Flickinger's argument that he was unduly burdened or not afforded an adequate opportunity to present his case.

Finally, we agree with the Commonwealth that Flickinger has waived his argument that it misrepresented or failed to disclose facts and information pertinent to his defense. The trial court addressed Flickinger's discovery requests

---

[5] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

and an outstanding "motion to condense discovery" at the outset of the hearing. (O.R. Item No. 46, 8/23/21 Hr'g Tr. at 3.) Counsel for the Commonwealth reviewed the documents and files it previously provided to Flickinger, and also provided him with additional documents at that time. When asked by the trial court, "What else do you want," Flickinger responded, "That's fine, Your Honor. That's the bulk of what I needed." (*Id.* at 3-4.) To the extent that Flickinger's argument pertains to public records sought through the RTKL and whether the Commonwealth complied with a final determination from the Office of Open Records, such matters are not at issue in this summary citation appeal.

Accordingly, the trial court's order is affirmed.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Commonwealth of Pennsylvania    :
    :
        v.    :    No. 1376 C.D. 2021
    :
Daniel P. Flickinger,    :
        Appellant    :

# **O R D E R**

AND NOW, this 26th day of June, 2023, the order of the Court of Common Pleas of Greene County is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita