671 A.2d 661

**Robert BASSETT, Appellee,**

v.

**Sue Ann BASSETT, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 5, 1995.

Decided Nov. 27, 1995.

Susan Kay Candiello, Mechanicsburg, for Appellant.

Jay R. Braderman, Harrisburg, for Appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, and MONTEMURO, JJ.

### OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal by allowance from a per curiam order of the Superior Court which quashed as untimely an appeal filed by Sue Ann Bassett, the appellant herein. Appellant sought review of an order of the Court of Common Pleas of Perry County which upheld a master's decision apportioning marital property pursuant to a divorce.

The order of the court of common pleas was issued on September 9, 1994. Appellant decided to take an appeal to the Superior Court. A notice of appeal was required to be filed with the prothonotary of Perry County within thirty days. The thirtieth day fell on October 9, 1994, a Sunday. Monday, October 10, 1994, was Columbus Day. Appellant's counsel assumed that the prothonotary's office would be closed on that day. Accordingly, he filed the appeal on Tuesday, October 11, 1994. The prothonotary's office had, however, been open for business on Columbus Day, the employees having elected to remain open on that day and close instead on the day after Thanksgiving. Since it would have been possible

to file the appeal on Columbus Day, Superior Court quashed the appeal as untimely.

In Pa.R.A.P. 903(a), it is provided that "[e]xcept as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." The comment to this rule provides:

> Rule of Appellate Procedure 107 incorporates by reference the rules of construction of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1901 through 1991. *See 1 Pa.C.S. § 1908 relating to computation of time for the rule of construction relating to* (1) the exclusion of the first day and inclusion of the last day of a time period and *(2) the omission of the last day of a time period which falls on Saturday, Sunday or legal holiday.*

(Emphasis added.)

In pertinent part, 1 Pa.C.S. § 1908 ("Computation of time") provides:

> When any period of time is referred to in any statute, such period in all cases ... shall be so computed as to exclude the first and include the last day of such period. *Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.*

(Emphasis added.)

 It is well recognized that the courts of common pleas have authority to operate their individual court systems in a fashion not contrary to the general rules adopted by this Court. Clearly, however, courts of common pleas do not have the power to contravene, by administrative rule, directive, or practice, the duly enacted laws of this Commonwealth and of the United States as to what constitutes a legal holiday. Our legislature has designated the second Monday in October, known as Columbus Day, a legal holiday. 44 P.S. § 11. The same day has been designated by the laws of the United States as a legal holiday. 5 U.S.C. § 6103(a). The mere fact

that employees of the prothonotary's office elected to work on that day does not alter the status of the day as a legal holiday. Appellant's counsel was entitled to rely on the fact that the day was a legal holiday without having to check with the prothonotary's office to determine whether someone might be there to receive a notice of appeal.

The Rules of Appellate Procedure were intended to promote uniformity in appellate practice. Uniformity would clearly be undermined by allowing deadlines for filing appeals to vary from county to county depending on whether at any given time the employees of a county choose to honor or ignore legal holidays. The practicing bar is entitled to rely on the fact that, under the Rules of Appellate Procedure, legal holidays falling on the last day of an appeal period will be excluded in determining whether an appeal is timely filed.

Hence, the order of the Superior Court quashing the appeal as untimely must be reversed.

Order reversed.

MONTEMURO, J., participates by designation as a senior judge as provided by Rule of Judicial Administration 701(f).