960 A.2d 880 (2008)
Eric BORON and Adultland XXX, Appellants
v.
The PULASKI TOWNSHIP BOARD OF SUPERVISORS and Chief of Police of Northwest Lawrence County Regional Police Department.
No 1555 C.D. 2007.
Commonwealth Court of Pennsylvania.
Argued October 15, 2008.
Decided November 19, 2008.
*881 Joseph T. Moran, Pittsburgh, for appellants.
John N. Scales, Greensburg, for appellee, Northwest Lawrence County Regional Police Department.
BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, SMITH-RIBNER, Judge, PELLEGRINI, Judge, SIMPSON, Judge, LEAVITT, Judge, BUTLER, Judge.
OPINION BY Judge LEAVITT.
Eric Boron, the owner of Adultland XXX, a sexually oriented business, appeals an order of the Court of Common Pleas of Lawrence County (trial court) suspending Adultland's business license for one year. The trial court affirmed the decision of the Pulaski Township Board of Supervisors (Township Supervisors) that Adultland violated a township ordinance that forbids sexually oriented businesses from conducting *882 business on a state recognized holiday. In this case, we consider whether this ordinance is unconstitutionally vague because it does not identify what constitutes a "state recognized holiday."
The relevant and undisputed facts are as follows. Adultland, which is located in Pulaski Township, sells both sexually themed materials as well as materials without any sexual content. The Township has adopted legislation to regulate businesses such as Adultland, which, inter alia, prescribes the days and hours a sexually oriented business may operate. It states as follows:
Section 18. Hours of Operation:
No sexually oriented business shall be open for business before eight o'clock (8:00) a.m., Monday-Saturday or after ten o'clock (10:00) p.m., Monday-Saturday. A sexually oriented business shall be closed at all times on Sundays and legal federal or state recognized holidays.
PULASKI TOWNSHIP, PA. ORDINANCE, Ordinance No.2000-5-22 (2000), Section 18 (ORDINANCE).
On June 14, 2006, also known as Flag Day, Adultland was open for business. Two days later, Police Chief James B. Morris, Jr., suspended Adultland's business license for being open on Flag Day, a "state recognized holiday," in violation of Section 18. Because it was Adultland's second violation of Section 18, its license was revoked for twelve months.[1] Adultland appealed the revocation.[2]
The Township Supervisors conducted a hearing on May 29, 2007. At the hearing, the parties stipulated to the pertinent facts and submitted written summaries of the evidence in lieu of testimony. The evidence established, inter alia, that Boron had requested his attorney to provide him with a list of "legal federal or state recognized holidays," which was posted at Adultland so that patrons and employees knew when it had to be closed. Flag Day was not on the list, and Boron did not know it was a "state recognized holiday."
The Township asserted that Adultland violated Section 18 because Flag Day is a "state recognized holiday." In support, it pointed to the Act of May 31, 1893, P.L. 188 (The 1893 Act), as amended, 44 P.S. *883 § 11, which provides, in relevant part, as follows:
The following days and half days, namely: the first day of January, commonly called New Year's Day, the third Monday of January, known as Dr. Martin Luther King, Jr. Day, the third Monday of February, known as Presidents' Day, Good Friday, the last Monday in May, known as Memorial Day, the fourteenth day of June, known as Flag Day, the fourth of July, called Independence Day, the first Monday of September, known as Labor Day, the second Monday in October, known as Columbus Day, the first Tuesday after the first Monday of November, Election Day, the eleventh day of November, known as Veterans' Day, the fourth Thursday in November, known as Thanksgiving Day, the twenty-fifth day of December, known as Christmas Day; and every Saturday, after twelve o'clock noon until twelve o'clock midnight, each of which Saturdays is hereby designated a half holiday; and any day appointed or recommended by the Governor of this State or the President of the United States as a day of thanksgiving or fasting and prayer, or other religious observance; ... shall be considered as public holidays and half holidays for all purposes whatsoever as regards the transaction of business . . .
44 P.S. § 11 (emphasis added).[3] In response, Adultland asserted that Section 18 of the Ordinance was unconstitutionally vague. It pointed out that The 1893 Act does not regulate sexually oriented businesses but, rather, establishes bank holidays.[4] Further, Section 18 does not mention The 1893 Act.
At the conclusion of the hearing, the Township Supervisors affirmed the Police Chief's one-year revocation of Adultland's business license. Adultland appealed to the trial court.
With its appeal, Adultland filed a motion with the trial court to present additional evidence, namely the settlement agreement between Adultland and the Township arising out of Adultland's 2005 Columbus Day violation. The trial court denied the motion. On the merits of the appeal, the trial court found in favor of the Township, reasoning that Section 18 of the Ordinance was not vague in violation of due process because The 1893 Act established what days are "state recognized holidays." The present appeal followed.[5]
On appeal, Adultland raises two issues for this Court's review. First, Adultland argues that Section 18 of the Ordinance is unconstitutionally vague because it neither defines "state recognized holidays" nor directs the licensee on how to make this determination. Second, Adultland contends that the trial court erred by not *884 permitting Adultland to supplement the record with evidence of the settlement agreement with the Township, which, it contends, would establish that it did not have a first violation.
The Township responds that we need not address Adultland's constitutional claim. First, it contends that Adultland is barred by the doctrine of res judicata or collateral estoppel from raising its constitutional challenge to the Ordinance. Second, the Township contends that Adultland had to bring its constitutional claim in a declaratory judgment action and not in an appeal of its license suspension.
We begin with the Township's argument that Adultland has already litigated the constitutionality of the Ordinance and is barred from doing so again. The term res judicata encompasses two related, but distinct, principles: technical res judicata, which is sometimes called claim preclusion,[6] and collateral estoppel,[7] which is also referred to as issue preclusion. The essence of both res judicata and collateral estoppel is "whether the ultimate and controlling issues have been decided in a prior proceeding in which the parties actually had an opportunity to appeal and assert their rights." Fiore v. Department of Environmental Resources, 96 Pa.Cmwlth. 477, 508 A.2d 371, 375 (1986) (emphasis added).
The Township and Adultland previously litigated the constitutionality of the Ordinance, shortly after its enactment in 2000. Because it instituted a new regulatory scheme, the Ordinance gave sexually oriented businesses 180 days to obtain a license. When Adultland failed to obtain a license by the conclusion of that period, the Township filed a suit in equity to enjoin Adultland's continued operation. In its defense, Adultland challenged the constitutionality of Section 2.B, which states, in relevant part, as follows:
B. ADULT BOOKSTORE, ADULT NOVELTY STORE OR ADULT VIDEO STORE means a commercial establishment which, as one of its principal purposes, offers for sale or rental for any form of consideration any one or more of the following:
1. books, magazines, periodicals or other printed matter, or photographs, films, motion pictures, video cassettes or video reproductions, slides or other visual representations which are characterized by the depiction or description of "specified *885 sexual activities" or "specified anatomical areas," or
2. instruments, devices or paraphernalia which are designed for use in connection with "specified sexual activities."
ORDINANCE, Section 2.B (emphasis added). Specifically, Adultland claimed that the phrase "principal purpose" in the Section 2.B definition of "adult bookstore" was vague, rendering the ordinance constitutionally infirm. Piatek v. Pulaski Township Police Department, 828 A.2d 1164 (Pa.Cmwlth.2003).
Here, Adultland challenges a different phrase and a different provision of the Ordinance, i.e., "state recognized holidays" as used in Section 18. Indeed, Adultland could not have litigated Section 18 of the Ordinance in Piatek because the issue was not ripe. See, e.g., Bliss Excavating Co. v. Luzerne County, 418 Pa. 446, 211 A.2d 532 (1965) (dismissing as not ripe a constitutional challenge to an ordinance that had not been applied against the plaintiff's strip mining operation). Courts do not answer academic questions or offer advisory opinions as to hypothetical events that may or may not occur in the future. Philadelphia Entertainment and Development Partners, L.P. v. City of Philadelphia, 594 Pa. 468, 480, 937 A.2d 385, 392 (2007).
In sum, because the issue here, i.e., the constitutionality of Section 18, was not at issue in Piatek, Adultland's due process challenge is not barred by the doctrine of res judicata.
Next, we consider the Township's assertion that Adultland cannot challenge the constitutionality of the Ordinance in a statutory appeal. The Township believes that a declaratory judgment action is the proper and exclusive procedure for litigating such a claim. It is wrong.
Section 753(a) of the Local Agency Law provides:

A party who proceeded before a local agency under the terms of a particular... local ordinance ... shall not be precluded from questioning the validity of the ... local ordinance ... in the appeal, but if a full and complete record of the proceeding before the agency was made such a party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such a question) unless allowed by the court upon due cause shown.
2 Pa.C.S. § 753(a) (emphasis added). The import of Section 753 is that a party is generally prohibited from raising issues for the first time on appeal from a local agency decision. However, a challenge to the constitutionality of an ordinance is the exception to this rule. Accordingly, Adultland is expressly authorized to use the statutory procedure in Section 573(a) of the Local Agency Law to litigate the constitutionality of Section 18 of the Ordinance.
We turn now to the substantive merits of Adultland's claim that Section 18 of the Ordinance is unconstitutionally vague because the Ordinance does not define "state recognized holidays" or provide any guidance on how to determine when such holidays occur. Adultland further contends that the trial court erred in looking to The 1893 Act, 44 P.S. § 11, for guidance.[8]
*886 Ordinances are presumed to be constitutional, and a heavy burden is placed on a party seeking to challenge the constitutionality of an ordinance. Commonwealth of Pennsylvania v. Ebaugh, 783 A.2d 846, 849 (Pa.Cmwlth.2001). However, legislation that does not establish its prohibition in explicit terms may be set aside as unconstitutionally vague. Due process requires that a statute give fair warning of its prohibition, as has been explained by the United States Supreme Court:
It is a basic principle of due process that an enactment is void for vagueness, if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we must insist that laws give the persons of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and indiscriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them....
Grayned v. City of Rockford, 408 U.S. 104, 108-109, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). In short, an enactment that requires men of common intelligence to guess at its meaning violates due process.
This Court has set aside several statutes and regulations as unconstitutionally vague. A review of this precedent is illustrative of when statutory language will be found vague because it leaves people of ordinary intelligence guessing at its meaning.
In Blanco v. State Board of Private Licensed Schools, 158 Pa.Cmwlth. 411, 631 A.2d 1076 (1993), this Court considered the meaning of Section 2 of the Private Licensed Schools Act.[9] Section 2 exempted schools teaching housekeeping and "other service occupations" from having to be licensed. Because "other service occupations" was not defined, this Court held that action could not be taken against a bartending school that failed to obtain a license. Stated otherwise, without an implementing regulation, a bartending school could reasonably believe it was entitled to the Section 2 exemption. Cf., Fumo v. Commonwealth Insurance Department, 58 Pa.Cmwlth. 392, 427 A.2d 1259 (1981) (holding that statutory licensing standards of "good business reputation" and "worthy of a license" were saved from being unconstitutionally vague by regulations that specified that certain criminal convictions constituted a violation of these standards).
Likewise, in Pennsylvania Bar Association v. Commonwealth, 147 Pa.Cmwlth. 351, 607 A.2d 850 (1992), this Court invalidated Section 1822(b)(5) of the Vehicle Code, 75 Pa.C.S. § 1822(b)(5), which required insurers to report "suspected fraudulent claims" to a statutorily created Motor Vehicle Fraud Index Bureau, along with "[i]dentification of attorneys representing claimants" in such claims.[10] This *887 Court declared Section 1822(b)(5) to be unconstitutional because, inter alia, the lack of a legislative definition of what constituted a "suspicion" of fraudulent activity was unconstitutionally vague. There was no way to ascertain how or when an insurer would classify a claim as a "suspected fraudulent claim." Id. at 859.
Finally, in Watkins v. State Board of Dentistry, 740 A.2d 760, 764 (Pa.Cmwlth. 1999), we found a regulation of the State Dental Board unconstitutionally vague. The regulation, formerly at 49 Pa.Code § 33.340(a)(2), required "appropriate monitoring equipment" for the administration of general anesthesia. Id. at 762. Because the term "appropriate monitoring equipment" was not defined, it could be given different meanings, rendering the regulation unconstitutionally vague.
As with the terms "other service occupations," "suspected fraudulent claims" and "appropriate monitoring equipment," the phrase "state recognized holiday" is subject to different interpretations. It could mean a day when state offices are closed;[11] a day, such as Flag Day, which is generally known to the public but does not necessarily cause a bank to close; a day shown as a holiday on a printed calendar; or a day proclaimed by the Governor to require observance. For example, the General Assembly has commanded special recognition of the day on which William Penn received his charter to establish the Commonwealth of Pennsylvania.[12] Section 18 does not explain which of these above-described methods is to be employed to determine whether a holiday is "state recognized," leaving the statutory directive unconstitutionally vague.
The Township contends that The 1893 Act, 44 P.S. § 11, provides interpretative guidance, as was found by the Supervisors. The Township notes that Title 44 of Purdon's statutes is entitled "Legal Holidays and Observances," and this provides an easy guide to the task of determining whether Flag Day is a state recognized holiday. The Township also believes that precedent supports its argument in this regard. We disagree.
First, Purdon's designated Title 44 as "Legal Holidays and Observances" to serve as the volume that compiles many Pennsylvania statutes relating to holidays. Purdon's is not official; it is the work product of a for-profit commercial publisher, *888 West Publishing Company. In any case, Title 44 of Purdon's lists many statutes in addition to The 1893 Act such as "Hubert Humphrey Day," Act of October 4, 1978, P.L. 1015, 44 P.S. § 39. The inescapable fact is that the General Assembly has enacted numerous statutes calling for recognition of a wide variety of days and for a variety of purposes, from closing banks to exhorting Pennsylvania's citizenry to honor the Commonwealth's long and distinguished history.
Second, The 1893 Act, 44 P.S. § 11, instructs that certain days will be treated and considered as the first day of the week, commonly called Sunday, and as public holidays and half holidays for purposes of "presenting for payment or acceptance, or as regards the protesting and giving notice of the dishonor of bills of exchange, checks, drafts, and promissory notes, made after the passage of this act." It says nothing about bookstores or when they may transact their business.
More importantly, the Ordinance gave no clue that The 1893 Act, as opposed to any other statute, was incorporated into its terms. The Ordinance did not direct that The 1893 Act was dispositive of which days of the year are to be considered "state recognized holidays." Indeed, on the question of Flag Day, the statutes of Pennsylvania are not consistent on how it is to be observed.[13] The Township's after-the-fact effort to specifically incorporate The 1893 Act into Section 18 of the Ordinance is not persuasive.
The Township also relies on Bassett v. Bassett, 543 Pa. 323, 671 A.2d 661 (1995), to support its claim that Section 18 of the Ordinance is not vague. In Bassett, the Pennsylvania Supreme Court considered whether a particular appeal was timely or untimely. Under PA. R.A.P. 903(a), a notice of appeal was required to be filed within 30 days of the date of the order being appealed.[14] In Bassett, the thirtieth day fell on Sunday and the next day, Monday, was Columbus Day. Counsel for appellant assumed that the prothonotary's office would be closed and filed the appeal on Tuesday; however, the employees of the prothonotary's office had elected to remain open for business on Columbus Day and close instead on the day after Thanksgiving. The appeal was quashed by the Superior Court as untimely, and the Supreme Court reversed.
*889 The Supreme Court did so because Rule 107 of the Pennsylvania Rules of Appellate Procedure specifically directed that the appellate rules, including Rule 903(a), were to be construed in accordance with the Statutory Construction Act of 1972.[15] Section 1908 of the Statutory Construction Act states, in pertinent part, as follows:
... Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.
1 Pa.C.S. § 1908 (emphasis added).[16] Because The 1893 Act, a law of the Commonwealth, listed Columbus Day as a holiday, the Supreme Court held that it had to be omitted from the computation of the 30-day appeal period.
Unlike PA. R.A.P. 903(a), Section 18 of the Ordinance does not direct one to look to a "law of the Commonwealth" to determine the meaning of "state recognized holidays." As noted, Section 18 could just as easily be read to direct one to the list of days state government offices are closed. Although The 1893 Act designates Flag Day as a "public holiday," the Ordinance does not direct one to look at this statute or, indeed, any statute. The Ordinance can also be read to include any day designated for recognition by a resolution of the Pennsylvania Senate or the House of Representatives, as opposed to a statute enacted by the entire General Assembly. It could include any day proclaimed by the Governor as deserving recognition, such as Charter Day, on his own initiative or under direction of the General Assembly.
The Ordinance provides no guidance on how to determine whether a particular day is a "state recognized holiday." Adultland sought legal advice so that it could comply with Section 18 of the Ordinance. Its own attorney, however, did not come up with the same list of "state recognized holidays" as the Township Police Chief did. The Township invokes The 1893 Act, but it does not explain why the other holidays, such as Arbor Day, designated by the General Assembly as deserving recognition are not also "state recognized holidays." It does not explain why the Township did not bring action against Adultland for being open on Saturday afternoon, also a "state recognized holiday" under The 1893 Act. We conclude that Section 18 of the Ordinance is unconstitutionally vague as to the meaning of "state recognized holidays."
For these reasons, we reverse the trial court.[17]

ORDER
AND NOW, this 19th day of November, 2008, the order of the Court of Common *890 Pleas of Lawrence County, dated July 10, 2007, in the above-captioned matter is hereby REVERSED in accordance with this opinion.

* * *
NOTES
[1] Section 8 of the Ordinance authorizes the Township Police Chief to revoke a license in certain situations:

B. The Township police chief shall revoke a license if a cause of suspension in Section 8.A.1 occurs and the license has been suspended within the preceding twelve (12) months.
C. When the Township Police Chief revokes the license, the revocation shall continue for one (1) year, and the licensee shall not be issued a sexually oriented business license for one (1) year from the date the revocation became effective....
ORDINANCE, Section 8. Because Adultland had been open for business on Columbus Day, October 10, 2005, it was charged with violating Section 18. The charge was settled with a 30-day suspension of Adultland's license.
[2] License denials, suspensions and revocations can be appealed to the Township Board of Supervisors. Section 9 of the Ordinance states, in relevant part, as follows:

A. All license application denial, renewal, suspension or revocation decisions shall be sent in writing to the applicant or licensee. All such decisions which deny, refuse to renew, suspend or revoke a license shall state specifically the ordinance requirement not met and any other basis for the decision. After denial of an application, or denial of a renewal of an application, or after suspension or revocation of any license, the applicant or licensee may appeal pursuant to procedures of the Local Agency Law (2 Pa.C.S. § 101, et.seq.) to the Township Board of Supervisors, except as modified herein.
ORDINANCE, Section 9.A.
[3] The above quote consists of less than ten percentum of this entire one-paragraph statute, the remainder of which relates to what banks must do in the event of a financial crisis.
[4] The purpose clause of the pamphlet law states that the act designates the days "to be observed as legal holidays, and for the payment, acceptance and protesting of bills, notes, drafts, checks and other negotiable paper on such days." Act of May 31, 1893, P.L. 138.
[5] In evaluating the decision of an agency, where a complete record is made before that agency, our standard of review is whether the agency committed an error of law and whether the material findings of fact are supported by substantial evidence. Section 754 of the Local Agency Law, 2 Pa.C.S. § 754; SSEN, Inc. v. Borough Council of the Borough of Eddystone, 810 A.2d 200, 206 (Pa.Cmwlth. 2002). In addressing constitutional violations, our standard of review is de novo. Alliance Home of Carlisle v. Board of Assessment Appeals, 591 Pa. 436, 450, 919 A.2d 206, 214 (2007).
[6] Res judicata, or claim preclusion, prevents a future suit between the same parties on the same cause of action after final judgment is entered on the merits of the action. PMA Insurance Group v. Workmen's Compensation Appeal Board (Kelley), 665 A.2d 538, 541 (Pa. Cmwlth. 1995). It applies not only to matters that were actually litigated but also to those matters that should have been litigated in the prior proceeding. Grube v. Workmen's Compensation Appeal Board (Consolidated Specialties), 667 A.2d 1224, 1227 (Pa.Cmwlth.1995). For res judicata to apply, four conditions must exist: the identity in the things sued upon or for; identity of the cause of action; identity of persons and parties to the action; and identity of the quality or capacity of the parties suing or sued. Temple University v. Workers' Compensation Appeal Board (Parson), 753 A.2d 289, 291 (Pa.Cmwtlth.2000).
[7] Collateral estoppel, or issue preclusion, prevents relitigation of an issue of law or fact between the same parties upon a different claim or demand. Fiore v. Commonwealth of Pennsylvania, Department of Environmental Resources, 96 Pa.Cmwlth. 477, 508 A.2d 371, 374 (1986). Four conditions must be met before collateral estoppel will bar a cause of action: the legal or factual issues are the same; they were actually litigated; they were essential to the judgment; and they were material to the adjudication. PMA Insurance Group, 665 A.2d at 541.
[8] Adultland also contends that The 1893 Act, 44 P.S. § 11, is itself vague and fails to appropriately define the phrase "state recognized holidays." The only issue decided here is whether Section 18 of the Ordinance is unconstitutionally vague.
[9] Act of December 15, 1986, P.L. 1585, as amended, 24 P.S. § 6502.
[10] Former Section 1822 stated, in pertinent part:

(a) Requirements-Each insurer licensed to write motor vehicle insurance in this Commonwealth shall, as a condition of authority to transact the business of insurance in this Commonwealth, report information on suspected fraudulent claims and applications for benefits arising out of the maintenance and use of a motor vehicle in this Commonwealth with the Bureau within 45 days of receipt of such claim.
(b) Content-The information filed by insurers pursuant to subsection (a) shall include, but not be limited to:
(5) Identification of attorneys representing claimants.
Pennsylvania Bar Association, 607 A.2d at 852 n. 2 (quoting former Section 1822 of the Vehicle Code, 75 Pa.C.S. § 1822). Former Section 1822 was added by the Act of Feb. 7, 1990, P.L. 11, and deleted by the Act of Dec. 18, 1992, P.L. 1411.
[11] Notably, Pennsylvania's courts are open on Flag Day.
[12] The act establishing Charter Day states:

The Governor shall issue annually his Proclamation designating and setting apart March fourteenth as Charter Day and calling upon the people of the Commonwealth, the public schools and other educational institutions and patriotic, religious, historical and veterans' organizations to observe the anniversary of the execution of the Royal Charter by King Charles II on the fourteenth day of March, one thousand six hundred eighty-one, thereby creating the corporate legal existence of Pennsylvania, with appropriate exercises and programs, to the end that the establishment or birthday of Pennsylvania shall be commemorated each year.
Act of July 28, 1953, P.L. 676, as amended, 44 P.S. § 28. Charter Day is one of many such holidays and observances recognized by the General Assembly, including the Birthday of William Penn, Act of June 22, 1931, P.L. 660, 44 P.S. § 22; Commodore John Barry Day, Act of August 5, 1941, P.L. 810, 44 P.S. § 26; Bird Day, Act of June 6, 1968, P.L. 144, 44 P.S. § 34; Shut-in Day, Act of July 17, 1974, P.L. 460, 44 P.S. § 36; and Lithuanian Independence Day, Act of June 29, 1989, P.L. 70, 44 P.S. § 40.1.
[13] The statutes of Pennsylvania conflict on whether Flag Day is a holiday. Section 304 of the Liquor Code, Act of April 12, 1951, P.L. 90, as amended, provides that "every Pennsylvania Liquor Store shall be open for business week days, except holidays as that term is defined in section 102." 47 P.S. § 3-304(a) (emphasis added). Section 102 of the Liquor Code defines "holiday" as "the first day of January, commonly known as New Year's Day; the third Monday of January, known as Dr. Martin Luther King, Jr., Day; the third Monday in February, known as Presidents' Day; the last Monday in May, known as Memorial Day; the fourth day of July, known as Independence Day; the first Monday of September, known as Labor Day; the fourth Thursday in November, known as Thanksgiving Day; and the twenty-fifth day of December, known as Christmas Day." 47 P.S. § 1-102. Flag Day does not appear on this list.

Section 113(a) of the Banking Code of 1965, Act of November 30, 1965, P.L. 847, as amended, sets forth certain "fixed holidays" for banking institutions, such as New Year's Day, Memorial Day and Independence Day. 7 P.S. § 113(a). Section 113(b) further provides for "optional holidays" which "[a]n institution may at its option observe as a legal holiday." 7 P.S. § 113(b). One of these optional holidays is "Flag Day (June 14)." 7 P.S. § 113(b)(iv). Thus, Flag Day is an optional holiday for banks.
[14] Rule 903(a) provides, in pertinent part, as follows:

Except as otherwise prescribed by this rule, the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken.
PA. R.A.P. 903(a).
[15] PA. R.A.P. 107 states:

Chapter 19 of Title 1 of the Pennsylvania Consolidated Statutes (rules of construction) so far as not inconsistent with any express provision of these rules, shall be applicable to the interpretation of these rules and all amendments hereto to the same extent as if these rules were enactments of the General Assembly.
[16] The Note to Rule 903(a) provides:

Rule of Appellate Procedure 107 incorporates by reference the rules of construction of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1901 through 1991. See 1 Pa. C.S. § 1908 relating to computation of time for the rule of construction relating to (1) the exclusion of the first day and inclusion of the last day of a time period and (2) the omission of the last day of a time period which falls on Saturday, Sunday or legal holiday.
PA. R.A.P. 903(a) (emphasis added).
[17] Adultland further argues that the trial court erred by not permitting Adultland to submit additional evidence or, stated otherwise, by not conducting a de novo hearing. We need not reach this issue, however, in light of our disposition of Adultland's constitutional issue.