# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| America First Enterprises, LLP, and Middlesex Township | : : : | |
| v. | : | No. 1440 C.D. 2018 |
| | : | |
| Middlesex Township Zoning Hearing Board | : : : | |
| | : | |
| Appeal of: Middlesex Township | : | |

| | | |
|---|---|---|
| America First Enterprises, LLP, and Middlesex Township | : : : | |
| v. | : : | No. 1466 C.D. 2018 Argued: October 4, 2019 |
| Middlesex Township Zoning Hearing Board | : : : | |
| | : | |
| Appeal of: America First Enterprises, LLP | : : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                   FILED: January 5, 2021

America First Enterprises, LLP (AFE) and Middlesex Township (Township) cross-appeal from the order of the Court of Common Pleas of Butler County (trial court) affirming the decision of the Middlesex Township Zoning

---

[1] The decision in this case was reached before January 4, 2021, when President Judge Leavitt served as President Judge.

Hearing Board (ZHB). The ZHB's July 27, 2017 decision purportedly granted in part, and denied in part the validity challenge filed by AFE to the Township's zoning ordinance (Zoning Ordinance), which contains conflicting provisions regulating billboards. *See* Reproduced Record (R.R.) at 28a-212a. AFE seeks site-specific relief as to three conditional use applications. The Township seeks reversal, asserting that the ZHB lacked jurisdiction to hear the validity challenge; alternatively, the Township argues that the ZHB's interpretation of the Zoning Ordinance reflects an error of law. For the following reasons, we vacate and remand.

## Background

In 2006, the Township adopted Ordinance 108. R.R. at 526a-638a. Section 1 of Ordinance 108 states that Ordinance 21 of 1992 (the 1992 Ordinance), as amended, is hereby "re-enacted and amended as indicated below in Section 2 and Section 3." R.R. at 526a-27a. Section 2 of Ordinance 108 amends the 1992 Ordinance to include "additional revised definitions, incorporation of new additional zoning districts, inclusion of additional conditional use conditions, [and] amended signage regulations . . . as set forth in Attachment A."

Attachment A contains standards for specific uses. Relevant here, Section 1102.XX Billboards (amended) states in part that billboards are not permitted within the R-1 and R-2 residential zoning districts or within 500 feet of a school property. Under this provision, the size of a sign face is restricted to 750 square feet.

Section 3 of Ordinance 108 re-enacts and amends the Township Zoning Map per Attachment B. Section 4 of Ordinance 108 states that the 1992

2

Ordinance, "as further amended by this Ordinance 108, shall be integrated and incorporated into an updated, comprehensive Zoning Ordinance, as codified in Chapter 175 of the Code of the [Township] as set forth in Attachment 'C'." R.R. at 527a.

Attachment C[2] is a draft ordinance. It includes two separate articles that expressly regulate billboards. The first, Article XI (related to standards and criteria for conditional uses and uses by special exception) incorporates in part the regulations in Attachment A, §1102.XX Billboards (amended). Specifically, Article XI, Section 1102.3(1) provides in part that billboards *shall not be erected* within the AG-A and AG-B agricultural zoning districts, and the R-1 and R-2 residential zoning districts, or within 500 feet of a school. Article XI, Section 1102.3(2) states that a billboard shall have a maximum allowable gross surface area of *750 square feet* per sign face. R.R. at 585a-86a.

Also set forth in Attachment C, Article XIV (related to signs)[3] states that billboards are subject to the requirements of Article XI governing conditional uses: "A permit for a billboard shall not be issued until the conditional use application has been granted by the Township Supervisors, provided all of the following requirements are met: . . . billboards shall not be erected within 500 feet of a [school], Place of Worship or cemetery . . . ." Section 1406.1(a) of the Zoning Ordinance, R.R. at 620a-21a. Additionally, Section 1406.1 states that billboards *may be authorized only in the C-2 and I-1 districts*. R.R. at 621a. Further, under Section 1406.2 of the draft ordinance, a billboard shall have a maximum allowable

---

[2] R.R. at 545a-638a.

[3] A billboard is defined as a "sign displaying changeable advertising copy" in Section 175-8 of the Zoning Ordinance. R.R. at 33a.

3

gross area of *450 square feet* per sign face. R.R. at 621a. Lastly, Section 5 of Ordinance 108 provides that "All Ordinances or parts of Ordinances in conflict with the provisions of this Ordinance are hereby repealed to the extent of such conflict." R.R. at 527a.

In the codified Zoning Ordinance, Article XI provisions regarding standards and criteria for conditional uses and uses by special exception are found at Chapter 175, Article XI, Section 175-98 (Billboards). R.R. at 103a-105a. The provisions in Article XIV regarding Signs are found at Section 175-165 (Billboards). R.R. at 163a-66a.

## Procedural History

On May 25, 2016, AFE filed three conditional use applications with the Township Board of Supervisors (Township Supervisors) to construct a billboard on each of three parcels of land in the Township. In completing the applications, AFE chose the most favorable criteria from among the conflicting ordinance provisions. On the same date, AFE filed a "protective" substantive validity challenge with the ZHB, R.R. at 217a-47a, seeking a declaration that the relevant ordinance provisions are invalid as being inconsistent and site-specific relief permitting construction of the billboards in accordance with the least restrictive provisions. R.R. at 247a. On May 26, 2016, the Township Manager returned the conditional use applications as incomplete. R.R. at 291a-300a.

AFE unsuccessfully sought a meeting with Township Supervisors to clarify the inconsistent provisions. R.R. at 237a. The validity challenge before the ZHB was continued by agreement of the parties, but no settlement was reached. The ZHB held two public hearings, and the parties submitted briefs on their

4

respective positions. AFE offered no witnesses, viewing the facial validity challenge as raising only questions of law. The Township submitted the testimony of Andrew Schwartz, of Environmental Planning and Design, concerning the history and development of the Township's billboard regulations. While the ZHB found Schwartz's testimony credible, the ZHB agreed with AFE that the issues presented were primarily legal questions and the relevant facts were not in dispute.

The ZHB rejected the Township's argument that the ZHB lacked jurisdiction and that the matter should proceed to review before the Planning Commission and Township Supervisors. The ZHB was persuaded by AFE's contentions that the conflicting ordinance provisions made it impossible for AFE to determine what standards apply for purposes of completing its conditional use applications. "Before it moves forward with its application[s], [AFE] should be in a position to know how the zoning ordinance will be interpreted." ZHB's decision at 3. Relying on Section 916.1(a)(1) of the Pennsylvania Municipalities Planning Code (MPC),[4] the ZHB concluded that it had jurisdiction to hear the validity challenge.

The ZHB then identified three issues presented. The first issue involves front yard setbacks. Under Section 175-98, the minimum front yard setback is the same as the setback for a principal use. In the C-2 district, that

---

[4] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10916.1(a)(1). It states:

> (a) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either: (1) to the zoning hearing board under section 909.1(a) . . . .

would be 75 feet. Under Section 175-165, no front yard setback can be closer than 10 feet to any public street. The second issue relates to the zoning districts in which billboards are permitted. Under Section 175-98, billboards are permitted in all but the AG-A, AG-B, R-1 and R-2 districts. In Section 175-165, billboards are permitted only in the C-1 and C-2 districts. The final issue recognized by the ZHB concerns the size of the sign facing. Under Section 175-98, sign faces can measure 750 square feet, whereas Section 175-165 limits the size of a sign face to 450 square feet. Findings of Fact, Nos. 17-21.

AFE argued that because there are irreconcilable differences between Zoning Ordinance provisions, AFE must be allowed to utilize the lesser restriction. *See* Section 603.1 of the MPC.[5] The Township asserted that, consistent with the evolution of the Zoning Ordinance, Section 175-98 applies to all billboards authorized by conditional use or special exception, while Section 175-165 applies to all billboards that existed prior to the adoption of Section 175-98. The ZHB did not address these arguments. Instead, the ZHB offered an interpretation of the Ordinance.

In doing so, the ZHB first noted that the language of an ordinance must be given its plain meaning. *Speilvogel, Inc. v. Cheltenham Township*, 601 A.2d 1310, 1317 (Pa. Cmwlth. 1992). The ZHB then concluded:

---

[5] Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10603.1. It states:

> In interpreting the language of zoning ordinances to determine the extent of the restriction upon the use of the property, the language shall be interpreted, where doubt exists as to the intended meaning of the language written and enacted by the governing body, in favor of the property owner and against any implied extension of the restriction.

27. The plain meaning of Sections 1 and 2 of Ordinance [] 108 is that Attachment "A," and in this particular matter, Attachment "A" pertaining to billboards amends all existing prior ordinance provisions as to billboards.

28. The plain meaning of Section 5 of Ordinance [] 108 is that all ordinances in conflict with the ordinance provisions in Attachment A §1102.XX pertaining to billboards, whether in former ordinance sections 1406.1 or [new] 1102.3 (both attached to Ordinance 108 as "Attachment C") are repealed to the extent of any conflict with Attachment A.

29. Thus, the billboard provisions in §1102.XX of Attachment A to Ordinance 108 are controlling over codification §175-98 (Attachment C to Ordinance 108, §1102.3) or [§175-165[6]] (Attachment C to Ordinance 108, §1406-1) to the extent of any conflict.

* * *

37. To the extent §1102.XX is accurately codified in the Codification as [§175.98] then that section controls §175-165. If there is doubt or confusion, then the parties must return to Ordinance 108, §1102.XX

ZHB's Conclusions of Law Nos. 27-29, 37.

AFE and the Township appealed to the trial court, which heard argument but did not take additional evidence. By order dated September 25, 2018, the trial court affirmed the ZHB's decision. In its Rule 1925(a) opinion, the trial court identified, but did not address, the appellate claims raised by the parties.

---

[6] The ZHB references Section 175-88, but the Reproduced Record indicates that Sections 175-82 to 175-91 are reserved. *See* R.R. at 97a. The codified provisions in Article XIV regarding Signs are found in Section 175-165 (Billboards).

On appeal to this Court,[7] AFE seeks a declaration that the inconsistent provisions of the Zoning Ordinance are invalid and the grant of site-specific relief, or a declaration that the provisions are inconsistent and must be interpreted in AFE's favor. The Township seeks a reversal of the ZHB's decision on the basis that the ZHB lacked jurisdiction.[8] Alternatively, the Township seeks a determination by this Court adopting the Township's preferred interpretation of the codified Zoning Ordinance.

## Discussion

AFE first argues that the conflicting standards in two irreconcilable ordinance provisions are not comprehensible by a person of ordinary intelligence, and, therefore, are unconstitutionally vague. Vague ordinances violate due process because they "do not give fair notice to people of ordinary intelligence that their contemplated activity may be unlawful . . . ." *Scurfield Coal, Inc. v. Commonwealth*, 582 A.2d 694, 697 (Pa. Cmwlth. 1990). Additionally, because vague ordinances do not set reasonably clear guidelines for law officials and courts, they invite arbitrary and discriminatory enforcement. *Id. See also Fisher v.*

---

[7] Where, as here, the trial court takes no additional evidence, our scope of review is limited to determining whether the ZHB committed an abuse of discretion or an error of law. *Taliaferro v. Darby Township Zoning Hearing Board*, 873 A.2d 807, 811 n.1 (Pa. Cmwlth. 2005).

[8] In fact, the Township acknowledges that the ZHB has jurisdiction to hear a substantive validity challenge, but the Township contends that the application submitted to the ZHB was incorrectly labeled as such. According to the Township, the dispute between AFE and the Township involves the interpretation and application of the Ordinance, which should be resolved by the Township Supervisors after hearings on AFE's conditional use applications. While the Township characterizes the issues as involving an interpretation of the Zoning Ordinance, it fails to acknowledge the ambiguity therein.

8

*Viola*, 789 A.2d 782, 787 (Pa. Cmwlth. 2001) (an ordinance is unconstitutionally vague and violates due process when persons of common intelligence must guess at its meaning).

In *Boron v. Pulaski Township Board of Supervisors*, 960 A.2d 880, 886 (Pa. Cmwlth. 2008), this Court explained:

> Ordinances are presumed to be constitutional, and a heavy burden is placed on a party seeking to challenge the constitutionality of an ordinance. *Commonwealth of Pennsylvania v. Ebaugh*, 783 A.2d 846, 849 (Pa. Cmwlth. 2001). However, legislation that does not establish its prohibition in explicit terms may be set aside as unconstitutionally vague. Due process requires that a statute give fair warning of its prohibition, as has been explained by the United States Supreme Court:
>
> > It is a basic principle of due process that an enactment is void for vagueness, if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we must insist that laws give the persons of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and indiscriminat[e] enforcement is to be prevented, laws must provide explicit standards for those who apply them . . . .
>
> *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 [(1972)]. In short, an enactment that requires men of common intelligence to guess at its meaning violates due process.

We agree with AFE. The Zoning Ordinance provisions that expressly regulate billboards irreconcilably conflict in material respects, including minimum

front yard setbacks, the districts in which billboards are permitted, and the permitted size of the billboard face. The ZHB did not acknowledge the conflicting criteria in Sections 175-98 and 175-165, but nevertheless attempted to resolve the conflicts. To the extent the Township now challenges the ZHB's interpretation, its argument also reflects the ambiguity in the Zoning Ordinance.

AFE next argues that the ZHB erred in determining that the repealing clause in Ordinance 108, Section 5 (repealed) conflicts within Articles XI and XIV of the Zoning Ordinance while simultaneously enacting them. AFE observes that the stated purpose of Ordinance 108 is to "re-enact all previous Zoning Ordinances with the amendments set forth below and to codify the same in Chapter 175 . . . ." R.R. at 526a.

AFE argues that the following reasoning is consistent with that purpose: Section 1 of Ordinance 108 re-enacted and amended the 1992 Ordinance, including the billboard provisions that were codified as Section 175-165. Section 2 of Ordinance 108 amended the 1992 Ordinance, adding, *inter alia*, provisions set forth in draft amendments attached to Ordinance 108 as Attachment A, which were numbered as Section 1102.XX of the draft and became Section 175-98 in the consolidated Ordinance. Section 3 re-enacted the Township Zoning Map. Section 4 integrated and incorporated the prior, new and amended provisions into a comprehensive zoning ordinance in Chapter 175 of the Township Code, as reflected in Attachment C. Finally, Section 5, referred to as the repealer clause, repealed all ordinances "in conflict with the provisions of *this* Ordinance . . . ." R.R. at 526a-27a. AFE maintains that, logically, the term "*this* Ordinance" refers to Ordinance 108. AFE argues that the ZHB relies on a tortured interpretation of

10

Ordinance 108, which results in a re-enactment and repeal of the *same* provisions. We agree.

As AFE correctly notes, the ZHB's conclusions ignore Attachment C, the final codification of Chapter 175. The ZHB's suggestion that application of Ordinance 108 resolves this matter also ignores that Chapter 175 does not include a repealer clause. We agree that the repealing clause of Ordinance No. 108 did not eliminate the conflicts that currently exist in the Zoning Ordinance.

AFE also argues that the ZHB acted *ultra vires* in interpreting the Zoning Ordinance. The ZHB's authority to decide a validity challenge is limited by Section 916.1 of the MPC to determining whether the challenge has merit, and, if so, to include recommended amendments to the challenged provision that will cure the defects found. AFE correctly notes that a validity challenge does not seek clarification of conflicting ordinance provisions,[9] but only asks the ZHB to determine whether a person of common intelligence would have to guess at their meaning – an issue the ZHB did not address.

Section 916.1 of the MPC authorizes a landowner to challenge the validity of a local ordinance on substantive grounds before the ZHB. Where a validity challenge is brought before a zoning hearing board, the MPC provides:

> Based upon the testimony presented at the hearing or hearings, the governing body or the zoning board, as the case may be, *shall determine whether the challenged ordinance . . . is defective*, as alleged by the landowner. . . . If a challenge heard by a zoning hearing board is found to have merit, the decision of the zoning hearing

---

[9] For that reason, we do not address AFE's argument challenging the ZHB's interpretation of the Zoning Ordinance, or the Township's arguments in support of its suggested interpretation.

11

board shall include recommended amendments to the challenged ordinance which will cure the defects found.

Section 916.1(c)(5) of the MPC, 53 P.S. §10916.1(c)(5) (emphasis added). The ZHB fashioned an interpretation of the Zoning Ordinance, but it did not determine the merit of AFE's substantive validity challenge. The ZHB's efforts to reconcile the conflicting ordinance provisions exceeded the ZHB's authority to determine whether the validity challenge had merit.

Finally, we address AFE's requests for either site-specific relief or a declaration that the challenged ordinance provisions are inconsistent and must be interpreted in AFE's favor. A party that successfully challenges a zoning restriction cannot be denied site-specific relief *if* the challenger complies with the remaining valid portions of the regulations. *Casey v. Zoning Hearing Board of Warwick Township*, 328 A.2d 464, 469 (Pa. 1974). The ZHB has the authority and jurisdiction to initially consider AFE's request for site-specific relief.

In *Adams Outdoor Advertising, Ltd. v. Hanover Township Zoning Hearing Board*, 633 A.2d 240, 245 (Pa. Cmwlth. 1993), we observed:

> *Casey* requires that a successful challenger to a zoning ordinance be granted the relief requested unless the government unit proves that the proposed use will be injurious to the public health, safety, and welfare. *Casey*[, 328 A.2d at 469,] considered:
>
> > [W]hether a court has the power to grant an applicant-challenger definitive relief upon rendering a zoning ordinance constitutionally infirm. . . . "Obviously, if judicial relief of local zoning action is to result in anything more than a farce, the courts must be prepared to go beyond mere invalidation and grant definitive relief." To forsake a challenger's reasonable development plan after all the time, effort

12

and capital invested in such a challenge is grossly inequitable . . . .

However, we explained that an approval of a successful challenger's plan is not automatic; the suitability of the proposed site and various health and safety considerations must be considered. *Id.* The municipality in *Adams Outdoor Advertising, Ltd.* failed to provide any record evidence demonstrating that the challenger's plan, if allowed, would be injurious to the public health, safety, welfare, and morals. Relying on *Casey*, we reversed the trial court's order and remanded the matter to the zoning hearing board with instructions to issue the challenger a permit to construct the sign as proposed. 633 A.2d at 245-46.

However, neither this Court nor the ZHB can provide AFE site-specific relief. We hold that AFE is entitled to application of the most favorable reconciliation of the challenged conflicting Zoning Ordinance provisions. To the extent that billboards are allowed as conditional uses under the Zoning Ordinance, the Township Supervisors consider such applications. Our holding herein does not relieve AFE of the need to re-submit its conditional use applications to that body.[10]

Accordingly, we vacate the trial court's order and remand the matter to permit AFE to re-submit its conditional use applications for consideration and disposition by the Township Supervisors.[11]

_____
MICHAEL H. WOJCIK, Judge

_____

[10] *Accord Bloomsburg Industrial Ventures, LLC v. Town of Bloomsburg*, ___ A.3d ___ (Pa. Cmwlth., No. 961 C.D. 2020, filed November 5, 2020), slip op. at 22-25 (remanding the matter to the governing body to allow a successful challenger requesting site-specific relief to demonstrate compliance with the other zoning requirements for the proposed uses).

[11] Based on our disposition, we will not consider any remaining claims.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

America First Enterprises, LLP,
and Middlesex Township
    v.
Middlesex Township Zoning
Hearing Board

Appeal of: Middlesex Township

:
:
:
:
: No. 1440 C.D. 2018
:
:
:
:
:
:

America First Enterprises, LLP,
and Middlesex Township
    v.
Middlesex Township Zoning
Hearing Board

Appeal of: America First
Enterprises, LLP

:
:
:
:
: No. 1466 C.D. 2018
:
:
:
:
:
:
:
:

# **O R D E R**

AND NOW, this 5th day of January, 2021, the order of the Court of Common Pleas of Butler County dated September 25, 2018, is VACATED, and the matter is REMANDED for proceedings consistent with the foregoing memorandum opinion.

Jurisdiction is RELINQUISHED.

_____
MICHAEL H. WOJCIK, Judge