2024 PA Super 263

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THADDEUS MARCEL MULDROW | : | |
| | : | |
| Appellant | : | No. 1622 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 25, 2023
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000728-2020

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

OPINION BY KUNSELMAN, J.:                    **FILED: NOVEMBER 8, 2024**

Thaddeus Marcel Muldrow filed a notice of appeal thirty-three days after he was sentenced for violating parole.  This appeal is timely only if the day after Thanksgiving—the thirtieth day after Muldrow's sentencing—is a "day made a legal holiday" by the laws of Pennsylvania or the United States.  1 Pa.C.S. § 1908; *see* Pa.R.J.A. 107.  We hold that it is not.  If the correct filing office is open on that day, time limits to file documents in that office are not extended to the following Monday.  Accordingly, we quash this appeal.

On October 25, 2023, the trial court found that Muldrow violated his parole and sentenced him.  Muldrow did not file a post-sentence motion.  He filed a notice of appeal on November 27, 2023.

Generally, a criminal defendant must file a notice of appeal "within 30 days of the imposition of the judgment of sentence in open court."  Pa.R.A.P.

903(a), (c)(3); *see* Pa.R.Crim.P. 708, *comment* (explaining that an appeal in a violation case "must be filed within the 30-day appeal period" if the judge does not grant reconsideration or vacate the sentence). At the time of Muldrow's violation sentencing, this time limit was construed according to Section 1908 of the Statutory Construction Act. ***Commonwealth v. Fill***, 202 A.3d 133, 138 (Pa. Super. 2019); *see* Pa.R.A.P. 107 (effective July 1, 1976–December 31, 2023). That statute provides:

> When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

1 Pa.C.S. § 1908.[1]

Here, the last day for Muldrow to file his appeal was thirty days after October 25, 2023, which was Friday, November 24, 2023, the day after Thanksgiving.

We hold that under Section 1908, the day after Thanksgiving is not a legal holiday. To determine whether a day is "made a legal holiday," we consider the enactments of the General Assembly and Congress. ***Bassett v. Bassett***, 671 A.2d 661, 662 (Pa. 1995). Neither body has designated the day

---

[1] The applicable authority is now Pennsylvania Rule of Judicial Administration 107, which is substantively identical to Section 1908. ***See*** Pa.R.Crim.P. 101(c) (effective January 1, 2024); Pa.R.A.P. 107 (effective January 1, 2024).

after Thanksgiving as a legal holiday.  **See** 44 P.S. § 11; 5 U.S.C. § 6103(a). Therefore, Section 1908 does not omit that day from a time computation.

Muldrow's arguments to the contrary do not persuade us that the day after Thanksgiving is "made a legal holiday" by state or federal law.  He provides official holiday lists from the Supreme Court of Pennsylvania and the Secretary of Administration.  We read these executive- and judicial-branch declarations only to control the offices they identify: "administrative offices of State Government" and "employees of the appellate courts and the Administrative Office of Pennsylvania Courts," respectively.  Neither purports to establish the law of the Commonwealth for purposes of court filings, and we decline to infer such a result.

Muldrow candidly acknowledges that the Clerk of Courts of Lebanon County was open for business on Friday, November 24, 2023.  He argues, however, that the employees' choice to work on that day "does not alter the status of the day as a legal holiday."  **Bassett**, 671 A.2d at 662.  While we agree that the status of the day after Thanksgiving does not depend on whether the filing office was open, we reiterate that the legislature did not designate that day as a legal holiday.

In sum, the day after Thanksgiving is not "made a legal holiday by the laws of this Commonwealth or of the United States."  1 Pa.C.S. § 1908; **see** Pa.R.J.A. 107(b).  If the day after Thanksgiving is the time limit to file a notice

of appeal, and the correct filing office for a notice of appeal is open,[2] then the time to appeal is not extended to the following Monday. That happened here. Accordingly, we quash the appeal as untimely.

Appeal quashed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/08/2024

---

[2] Neither Section 1908 nor Rule of Judicial Administration 107(b) addresses the closure of a filing office on a non-holiday. However, if the office is closed, we have held that this amounts to a breakdown in court operations, and we have allowed the appeal to be filed the following business day. **See Commonwealth v. Koeck**, 520 A.2d 53, 55–56 (Pa. Super. 1987).