## Commonwealth v. Cromartie

*Anthony J. Perfilio,* for City of Farrell.

*Thomas W. Kuster,* for defendant.

STRANAHAN, P. J., December 28, 1973.—On March 1, 1973, appellant, James B. Cromartie, was found guilty before a district magistrate of violating Farrell City Ordinance, section 705.03, disturbing the peace. Appellant appealed and now challenges the constitutionality of the disturbing the peace ordinance which he was found guilty of violating. This ordinance is as follows:

"No person within the City shall wilfully make or cause to be made any noise or disturbance or do any act or thing whereby the public peace and tranquility of the City are disturbed, or the comfort or quiet of any resident is interrupted."

By way of background, it appears that Mr. and Mrs. Cromartie own a home in Farrell which is a duplex. The Cromarties live in one half and rent the other half. On the evening of February 10, 1973, the Farrell police received an anonymous call complaining that loud music was emanating from the Cromartie half of the house.

The police responded to the call and could hear the music as they approached the house. Upon determining the source of the music, the police asked Mr. Cromartie to turn down his stereo, which he did.

Approximately 15 minutes later, a second call was received by the police department and the caller again stated that the music was too loud. The police returned to the Cromartie home and discovered that the stereo was playing as loudly as it was originally and, therefore, they arrested appellant, James B. Cromartie for disturbing the peace.

*I. Is the Farrell City Ordinance*
*unconstitutional on its face and,*
*therefore, void because of vagueness?*

The law is well established that penal legislation must be sufficiently definite to put one on notice of the conduct that it requires so that its penalty may be avoided and to guide the courts in its application: Boyce Motor Lines v. United States, 342 U. S. 337, 72 S. Ct. 329, 96 L. Ed. 367.

The court in that case goes on to say that such definiteness need be "no more than a reasonable degree of certainty . . . Nor is it unfair to require

that one who deliberately goes . . . close to an area of proscribed conduct shall take the risk that he may cross the line": Id. page 340.

The first reading of this ordinance could lead one to interpret it as meaning there has been a violation whenever any resident's comfort and quiet is interrupted, regardless of how sensitive he may be. However, the only reasonable and obviously intended meaning of this ordinance is to interpret it to be the noise necessary to disturb any *reasonable* person.

The courts have often placed such a limiting construction upon a legislative enactment in order to preserve its constitutionality and it does not do violence to the fair interpretation of its language. The courts have the right to make such interpretations and these additions are as much a part of the ordinance as an amendment of the ordinance itself by the legislative body would be: Winters v. New York, 333 U. S. 507, 514, 68 S. Ct. 665, 92 L. Ed. 840.

The adjective "reasonable" was routinely implied by the District Court of Eastern Pennsylvania as part of the Pennsylvania disorderly conduct statute of June 24, 1939; P. L. 872, as amended, 18 PS §4406, now Act of December 6, 1972 (No. 334), P. L. 1068, 18 PS §5503, in rejecting appellant's attack of vagueness and upholding the constitutionality of the statute: Heard v. Rizzo, 281 F. Supp. 720 (D. C. E. D. Pa.), affirmed 392 U. S. 646, 88 S. Ct. 2307, 20 L. Ed. 2d 358.

In this case, it was claimed that the standard was too indefinite as to conduct which the statute prohibited. The statute banned "any loud, boisterous and unseemly noise or disturbance to the annoyance of the peaceable residents nearby."

The courts answered appellant's attack on the statute by saying:

"The test of loudness and boisterousness is not uncertain. The noise must be sufficiently loud and boisterous to annoy the adjacent reasonable man. Thus noise, no matter how unseemly, that is not of such volume and decibelity as to annoy a nearby reasonable, peaceable man cannot form the basis of disorderly conduct": Heard v. Rizzo, supra, page 741.

Similarly, the ordinance presently before the court obviously does not contemplate prohibiting conduct that disturbs any hypercritical resident but rather conduct that disturbs any *reasonable* resident. By reading the ordinance this way, it provides a sufficiently definite standard so as to satisfy the requirements of due process.

When the standard is that of a "reasonable man," a citizen may be arrested for a mistaken judgment. It is obvious that if the guilty party felt he was not creating such a disturbance as to affect a reasonable man, it is somewhat unfair to charge him with criminal conduct, yet the law is filled with penal statutes that employ the "reasonable man" test.

For example, many of the obscenity statutes employ the vague test of what is offensive to a reasonable person in the community. This was pointed out in Winters v. New York, supra, when the court said:

"So when reasonable men may fairly classify a publication as necessarily or naturally indecent or obscene, a mistaken view by the publisher as to its character or tendency is immaterial": Page 514.

We, therefore, find that this court has the right to insert the word "reasonable" into the ordinance in order to preserve its constitutionality and to establish a standard by which conduct may be judged. Having such a right, we do interpret the statute as meaning a reasonable person and find that the statute is not

vague nor unconstitutional. We further find that it is the intent of the statute to mean "any reasonable resident" even though the word "reasonable" does not appear.

Appellant relies on Coates v. City of Cincinnati, 402 U. S. 611, 91 S. Ct. 1686, 29 L. Ed. 26 214. This case involves a city ordinance in Cincinnati which prohibits three or more persons from meeting together on a sidewalk or street corner if they conduct themselves in such a manner as to annoy any police officer or other person who should happen to pass by. The Supreme Court held this ordinance unconstitutional because of vagueness. However, it is interesting to note that the Supreme Court points out the fact that the Ohio courts in interpreting the ordinance did not establish any standards and further indicates that had the Ohio courts held that the annoyance must be judged by the standards of a reasonable man, then the ordinance would have a standard which would overcome the objections of its vagueness.

## II. Should the Court Require the City of Farrell to up-date its ordinance?

Appellant further argues that since this ordinance was enacted in 1902, when there was far less noise than there is today, the court should require it to up-date the statute in order to consider modern manners of living.

Appellant relies on Commonwealth v. Yourga, 61 D. & C. 2d 31, in which this court held that the operator of a noisy snowmobile could not be found guilty of a disorderly conduct ordinance. In that case, we pointed out that the intent of a disorderly conduct ordinance was to prohibit persons from engaging in clamor and outcry in the streets which cause people

to gather. Thus, the court reasoned that the effort was being made in the Yourga case to use an ordinance for a purpose for which it was not intended. Such being the case, we suggested that the community enact an ordinance aimed at curtailing snowmobiles and other noisy vehicles.

In the present case, the ordinance is being used for the very purpose for which it was enacted even though the noise that was the subject of the complaint may not have existed in 1902.

We, therefore, conclude that there is no need to up-date the ordinance, since it covers modern noises equally as well as those existing at the turn of the century.

For this reason, we deny James B. Cromartie his appeal.

ORDER

And now, December 28, 1973, the appeal of James B. Cromartie is dismissed and exceptions are granted in this matter.