IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania  :
   :
        v.  :   No. 1290 C.D. 2020
   :   Argued: March 7, 2022
P. Rosemary Garges,  :
               Appellant  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                        FILED: May 2, 2022

P. Rosemary Garges appeals from the judgment of sentence following a summary conviction, entered by the Court of Common Pleas of Bucks County (trial court) on December 31, 2019, for permitting a public nuisance on her property. Garges asserts that (1) the Warrington Township nuisance ordinance is unconstitutionally vague on its face and, (2) because this Court has since determined that third-party activities leading to her conviction were zoning compliant, the trial court erred in failing to reconsider her conviction. We affirm.

## BACKGROUND[1]

Garges leases a portion of her property to Victory Gardens, a mulch manufacturing business. The business relies on heavy industrial equipment to manufacture and transport large quantities of its product. The surrounding area is primarily residential. In response to complaints from local residents that the business created extremely loud noises, noxious fumes and dust that covered their

---

[1] The underlying facts are not in dispute.

homes, and dangerous traffic conditions, Warrington Township issued Garges a citation for permitting a public nuisance to exist on her property.

Warrington Township defines a public nuisance to include "the carrying on of any offensive manufacture or business." Warrington Twp., Pa., Ordinances, ch. 10, pt. 4, art. A, § 401 (1971), *as amended* (Warrington Twp. Ordinances). The Township prohibits the creation of a public nuisance. *Id.* § 402. Further, the Township has deemed it unlawful for any person to permit a public nuisance to exist on real estate owned by that person within the Township. *Id.* § 403.

The magisterial district judge found Garges guilty, and she timely appealed to the trial court. Following a trial *de novo*, at which six local residents and the code enforcement officer testified, the trial court determined that Garges "leased property to Victory Gardens[,] which engaged in an offensive manufacture of mulch due to excessive odor, dust, traffic[,] and lengthy hours of operation[,] which deprived nearby property owners of the peaceful enjoyment of their properties." Trial Ct. Op., 12/31/20, at 8.

Following the verdict, this Court issued an opinion in a related matter, granting Victory Gardens equitable relief and concluding that its operations were zoning compliant. *See generally Victory Gardens, Inc. v. Warrington Twp. Zoning Hearing Bd.*, 224 A.3d 1110 (Pa. Cmwlth.), *appeal denied*, 237 A.3d 380 (Pa. 2020). Citing our decision, Garges moved for reconsideration. The trial court declined to reconsider its verdict. Order, 1/24/20; *see also* Trial Ct. Op. at 10 (reasoning that this Court's determination, in a separate matter, that Victory Gardens was zoning compliant did not preclude it from finding that Garges had permitted a public nuisance on her land). Thereafter, Garges timely appealed to this Court.

2

## ISSUES[2]

On appeal, Garges asserts that the Warrington Township nuisance ordinance is unconstitutionally vague on its face because it lacks an objective standard and proscribes an indefinite and open-ended list of activities. *See* Garges' Br. at 9-11. According to Garges, a nuisance ordinance must include express language defining an objective standard because "[w]hat is 'offensive' to one person may be a thing of beauty to another." *Id.* at 10. Further, Garges argues, the language used in the ordinance is too imprecise to provide a reasonable person with notice as to the prohibited conduct. *Id.* at 11-12.

In response, the Commonwealth argues that the term "offensive" is not a vague term so indefinite that a person of ordinary intelligence would not know its meaning. *See* Commonwealth's Br. at 17. Further, according to the Commonwealth, the ordinance contains an implied objective standard insofar as it requires that an "offensive manufacture or business" rise to the level of a public nuisance. *See id.* at 14-15.

In her second issue, Garges asserts that the trial court should have reconsidered its guilty verdict because this Court's decision in *Victory Gardens* materially changed the zoning status of her lessor's business. *See* Garges' Br. at 19-20. The Commonwealth responds that it is appropriate to restrain the adverse impacts of a permitted use by enforcing the Township's nuisance ordinance. *See* Commonwealth's Br. at 29-30.

---

[2] Although Garges presents two issues for our consideration, her argument is divided into three parts. *See* Garges' Br. at 9-22. We caution Garges that this format does not conform to our appellate rules. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.").

# ANALYSIS

Following a trial *de novo*, where the trial court has considered additional evidence to determine whether a defendant has committed a summary violation of an ordinance, we may review the record to consider whether there has been a constitutional violation, or whether the trial court has otherwise committed an error of law or abuse of discretion. *Borough of Walnutport v. Dennis*, 114 A.3d 11, 17 n.5 (Pa. Cmwlth. 2015).

## 1. Constitutionality of the Ordinance

Initially, Garges asserts that the Warrington Township nuisance ordinance is unconstitutionally vague because it lacks an objective standard and proscribes an indefinite and open-ended list of activities. This claim is without merit.

An ordinance is presumed constitutional, and the party asserting its unconstitutionality bears the burden of proof. *Commonwealth v. Ebaugh*, 783 A.2d 846, 849 (Pa. Cmwlth. 2001). An ordinance is unconstitutionally vague when it fails to provide a reasonable opportunity to a person of ordinary intelligence to know what conduct is prohibited under the law. *Id.* at 849. However, "[d]ifficulty in establishing whether a situation falls within the penumbra of statutory language [that] is challenged as vague does not render the language unconstitutional unless it fails to convey [a] sufficiently definite warning as to proscribed conduct when measured against common understanding and practices." *Farley v. Zoning Hearing Bd. of Lower Merion Twp.*, 636 A.2d 1232, 1239 (Pa. Cmwlth. 1994) (punctuation modified; citation omitted).

In this case, Warrington Township has passed ordinances making it unlawful for a person to permit a public nuisance to exist on real estate owned by

4

that person.[3]   Warrington Twp. Ordinances §§401, 403.  The Township has defined a nuisance as "[a]ny condition, whether existing on public or private property, amounting to a public nuisance, including, but not limited to, accumulations of garbage, rubbish, trash, debris, automobiles, or the carrying on of any offensive manufacture or business."  *Id.* § 401.  Notably, this language tracks closely with its enabling statute, found at Section 1529 of The Second Class Township Code,[4] which authorizes a board of supervisors to prohibit "the carrying on of any offensive manufacture or business."  53 P.S. § 66529.

According to Merriam-Webster's Online Dictionary, "offensive" means "giving painful or unpleasant sensations" or "causing displeasure or resentment."[5]  While "offensive" may be a relative term, it is a word used in everyday language and is easily understood by a person of ordinary intelligence.  Residents living in the vicinity of Garges' property testified to extremely loud noises, noxious fumes and dust that covered their homes, and dangerous traffic conditions.  *See, e.g.*, Notes of Testimony (N.T.) Trial, 7/2/19, at 22-26.  A person of ordinary intelligence

---

[3] Garges does not address the requirement that the offensive manufacture or business rise to the level of a public nuisance.

> A property owner creates a 'public nuisance' by unreasonably interfering with the rights of his neighbors and the local community.  A public nuisance is an inconvenience or troublesome offense that annoys the whole community in general, and not merely some particular person, and produces no greater injury to one person than to another—acts that are against the well-being of the particular community— and is not dependent upon covenants.  A nuisance affects health, safety or morals.

*SPTR, Inc. v. City of Philadelphia*, 150 A.3d 160, 166-67 (Pa. Cmwlth. 2016) (internal punctuation modified; citations omitted).

[4] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101-68701.  Section 1529 was added by the Act of November 9, 1995, P.L. 350, 53 P.S. § 66529.

[5] Merriam-Webster Online Dictionary, definition of offensive, *available at* https://www.merriam-webster.com/dictionary/offensive (last visited Apr. 7, 2022).

would easily understand that these conditions are offensive. Thus, the ordinance is not unconstitutionally vague.

Garges' suggestion that a nuisance ordinance must include express language defining an objective standard is not persuasive. We have never required express language. Indeed, we have on occasion cited favorably to cases in which an ordinance merely implied an objective, reasonable person standard. *See, e.g.*, *Ebaugh*, 783 A.2d at 850 (citing *Commonwealth v. Cromartie*, 65 Pa. D. & C. 2d 541 (1973)). This is hardly remarkable because the very standard of our constitutional inquiry imparts an objective, reasonable person requirement.

Similarly unpersuasive is Garges' assertion that the phrase, "including, but not limited to," renders the ordinance imprecise and too open-ended to survive constitutional inquiry. *See* Garges' Br. at 11-12.[6] In *Kroope v. Borough of Catasauqua*, a junkyard operator challenged similar language. *See Kroope* (Pa. Cmwlth., Nos. 2350, 2455 C.D. 2004, filed Aug. 5. 2005) (unreported). However, the context in which the borough employed this language was quite different than here. The offending language in *Kroope* was used to delineate factors relevant to a successful application for permission to operate a junkyard. *Id.*, slip op. at 4. In that case, the open-ended list left an applicant without sufficient understanding of the application requirements. Here, however, the Township used this phrase to provide a descriptive list of activities, potentially prohibited, should they amount to a public nuisance.

---

[6] In her brief, Garges relies on *Borough of Catasauqua v. Kroope*, 2004 Pa. D. & C. Dec. LEXIS 535 (C.C.P. Lehigh Oct. 6, 2004). In our review, we have cited to our appellate decision, which affirmed the trial court. *See Kroope* (Pa. Cmwlth., Nos. 2350, 2455 C.D. 2004, filed Aug. 5. 2005) (unreported). We may reference our analysis in *Kroope* as persuasive authority. *See* 210 Pa. Code § 69.414(a).

Moreover, although the *Kroope* trial court found this language unconstitutional in the context used, the court did not find the ordinance unconstitutional in its entirety. *See id.* at 6. It merely severed the offending language. *Id.* On appeal, this Court affirmed. *Id.* at 13. Here, even if we agreed to sever this language from the Warrington Township ordinance, its absence would not benefit Garges. The remaining, operative language would still prohibit the carrying on of any offensive manufacture or business amounting to a public nuisance. Thus, Garges would still be liable for permitting Victory Gardens to conduct its offensive mulch business on her property.

**2. Motion to Reconsider**

In her second issue, Garges asserts that the trial court should have reconsidered its guilty verdict in light of this Court's subsequent decision in *Victory Gardens*. It is well settled that "the refusal of a court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal." *Commonwealth v. Rachau*, 670 A.2d 731, 734 n.8 (Pa. Cmwlth. 1996); *Thorn v. Newman*, 538 A.2d 105, 108 (Pa. Cmwlth. 1988). Thus, Garges is not entitled to relief on this claim.

Nevertheless, we note the following. In developing her second issue, Garges conflates two discrete legal inquiries: (1) whether a use constitutes a nuisance and (2) whether a use is compliant with zoning and other legal requirements. The former does not dovetail with the latter. *See, e.g.*, *Firth v. Scherzberg*, 77 A.2d 443 (Pa. 1951) (holding that a zoning-compliant business operation constituted a private nuisance during overnight hours); *Tinicum Twp. v. Del. Valley Concrete, Inc.*, 812 A.2d 758 (Pa. Cmwlth. 2002) (affirming trial court's decision to enjoin a permit-compliant mining operation because operations "generally exposed the community to a common law nuisance"); *Dombroski v. Dallas Twp. Zoning Hearing Bd.* (Pa.

7

Cmwlth., No. 1050 C.D. 2018, filed May 21, 2019) (unpublished) (reversing trial court's denial of variance by estoppel but stating, "Although we empathize with the neighboring property owners, enforcement of the [t]ownship's [n]uisance [o]rdinance is the appropriate remedy to address their concerns.").

Garges offers no legal support for her contention that zoning compliance precludes a conviction for supporting a public nuisance. Rather, Garges suggests that zoning compliance is a relevant factor in determining whether commercial activity conducted in a residential zone constitutes a public nuisance. *See* Garges' Br. at 19 (citing in support *SPTR, Inc. v. City of Philadelphia*, 150 A.3d 160 (Pa. Cmwlth. 2016)).

In *SPTR*, the City of Philadelphia Department of Licenses and Inspections issued a cease operations order against a pop-up beer garden located in a residential multi-family zone. Although licensed in all other respects, the beer garden lacked a zoning permit. *SPTR*, 150 A.3d at 163. The garden operators sought and were granted an emergency injunction, in relevant part because, despite the zoning violation, the beer garden did not create a public nuisance in fact. On appeal, we agreed, concluding that "no evidence was offered that the pop-up beer garden is an inconvenience or troublesome offense that annoys the whole community." *Id.* at 167.

Upon review, the zoning violation in *SPTR* was irrelevant to the public nuisance inquiry. Therefore, Garges' reliance on this case is misplaced and her argument that Victory Gardens' zoning compliance is relevant to whether she has permitted a public nuisance on her property is not persuasive.

8

## CONCLUSION

The Warrington Township nuisance ordinance, which prohibits a person from permitting a public nuisance on her property, is not unconstitutionally vague on its face. The operative language prohibits "carrying on of any offensive manufacture or business." Warrington Twp. Ordinances § 401. Although the term "offensive" may be a relative term, it is easily understood by a person of ordinary intelligence. Therefore, the ordinance conveys a sufficiently definite warning as to the prohibited conduct.

Further, Garges' assertion that the trial court erred in denying her motion for reconsideration is not subject to appellate review. Nevertheless, even if we were to consider her claim that this Court's recent decision in *Victory Gardens* created such changed circumstances that the trial court should have reconsidered her guilt, we would conclude that her argument is unpersuasive. Victory Gardens' zoning compliance is not relevant to whether Garges has permitted a public nuisance on her property.

For these reasons, we affirm the trial court.

_____
LORI A. DUMAS, Judge

Judge Covey did not participate in the decision in this case.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1290 C.D. 2020 |
| | : | |
| P. Rosemary Garges, | : | |
| Appellant | : | |

# **O R D E R**


AND NOW, this 2nd day of May, 2022, the Order of the Court of Common Pleas of Bucks County, entered December 31, 2019, finding P. Rosemary Garges guilty of violating Warrington Township Ordinance Section 403, which prohibits a person from permitting a public nuisance on her property, is AFFIRMED.


LORI A. DUMAS, Judge